**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| FRANK TUFANO,<br><br>        Plaintiff,<br><br>   v.<br><br>BETTER LIFE FOODS INC., *et al.*,<br><br>        Defendants. | Case No. 3:26-cv-00939<br><br>JUDGE CAMONI<br><br>ELECTRONICALLY FILED |

**DEFENDANT META PLATFORMS, INC.'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST
<u>AMENDED COMPLAINT</u>**

Daniel T. Brier
Richard L. Armezzani
MYERS, BRIER & KELLY LLP
425 Biden Street, Suite 200
Scranton, PA 18503
(570) 342-6100
dbrier@mbklaw.com
rarmezzani@mbklaw.com

*Counsel for Defendant Meta Platforms, Inc.*

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acumed LLC v. Advanced Surgical Servs., Inc.*,
  561 F.3d 199 (3d Cir. 2009) ...............................................................................14

*Alston v. Wenerowicz*,
  167 F. Supp. 3d 714 (E.D. Pa. 2016) .....................................................................9

*Alvord-Polk, Inc. v. F. Schumacher & Co.*,
  37 F.3d 996 (3d Cir. 1994) .................................................................................14

*American Osteopathic Assoc. v. Am. Bd. of Internal Med.*,
  555 F. Supp. 3d 142 (E.D. Pa. 2021)...................................................................14

*Anthony v. Manges*,
  No. 1:23-cv-00067, 2025 WL 1385062 (W.D. Pa. 2025) ...............................6, 7

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)........................................................................................8, 9

*B.P. Environ. Servs., Inc. v. Republic Servs., Inc.*,
  946 F. Supp. 2d 402 (E.D. Pa. 2013)...................................................................15

*Bell Atlantic v. Twombly*,
  550 U.S. 544 (2007)........................................................................................6, 8

*Cal. Pub. Emps.' Ret. Sys. v. Chubb Corp.*,
  394 F. 3d 126 (3d Cir. 2004) ................................................................................8

*Coit v. Wynder*,
  No. 1:22-cv-01277, 2023 WL 4278668 (M.D. Pa. 2023) ....................................7

*Connelly v. Lane Constr. Corp.*,
  809 F. 3d 780 (3d Cir. 2016) ................................................................................8

*Copperweld Corp. v. Independence Tube Corp.*,
  467 U.S. 752 (1984)............................................................................................12

*Davis v. Hanna Holdings*,
  787 F. Supp. 3d 42 (E.D. Pa. 2025)....................................................................11

*Deluca's Auto Repair Inc. v. City of Hazleton*,
   No. 3:25-cv-00511, 2026 WL 852013 (M.D. Pa. 2026) .......................................7

*Edward J. Sweeney & Sons, Inc. v. Texaco*,
   637 F. 2d 105, 110-111 (3d Cir. 1980)...............................................................11

*Eichorn v. AT&T Corp.*,
   248 F. 3d 131 (3d. Cir. 2001) .............................................................................11

*Feliz v. Kintock Grp.*,
   No. 02-cv-03541, 2007 WL 9751961 (E.D. Pa. 2007)........................................15

*Fowler v. UPMC Shadyside*,
   578 F. 3d 203 (3d Cir. 2009) ................................................................................9

*General Refractories Co. v. Fireman's Fund Ins. Co.*,
   337 F. 3d 297 (3d Cir. 2003) ..............................................................................15

*Hickson v. Peco Energy Co.*,
   No. 25-cv-02980, 2025 WL 3678433 (E.D. Pa. 2025)..........................................8

*Holst v. Oxman*,
   290 F. App'x. 508 (3d Cir. 2008) ........................................................................17

*Howard Hess Dental Lab. Inc. v. Dentspy Int'l*,
   602 F. 3d 237 (3d Cir. 2010) ..............................................................................11

*Kornea v. J.S.D. Management, Inc.*,
   366 F. Supp. 3d 660 (E.D. Pa. 2019)...................................................................13

*Lawal v. McDonald*,
   546 F. App'x. 107 (3d Cir. 2014) ..........................................................................7

*Loduca v. WellPet LLC*,
   549 F. Supp. 3d 391 (E.D. Pa. 2021)...................................................................17

*Lorenz v. CSX Corp.*,
   1 F. 3d 1406 (3d Cir. 1993) ................................................................................17

*McCartney v. Pennsylvania State Police*,
   No. 1:09-cv-1817, 2010 WL 2196429 (M.D. Pa. 2010) .......................................7

*Mixing and Mass Transfer Techs.*, No. 4:05-cv-1919, 2006 WL
  140414 (M.D. Pa. 2006) ...............................................................................16

*North Penn Towns, LP v. Concert Golf Partners, LLC*,
  554 F. Supp. 3d 665 (E.D. Pa. 2021)............................................................16

*Novell, Inc. v. Microsoft Corp.*,
  731 F. 3d 1064 (10th Cir. 2013) ...................................................................12

*Premier Comp. Sols. LLC v. UPMC*,
  377 F. Supp. 3d 506 (W.D. Pa. 2019)...........................................................11

*Pressley v. Exeter Fin. Corp.*,
  No. 21-cv-3641, 2022 WL 2905235 (E.D. Pa. 2022)....................................13

*Queen City Pizza v. Domino's Pizza, Inc.*,
  124 F. 3d at 436 (3d Cir. 1997) ....................................................................11

*SEI Global Servs., Inc. v. SS&C Advent*,
  496 F. Supp. 3d 883 (E.D. Pa. 2020)............................................................12

*Strickland v. Univ. of Scranton*,
  700 A.2d 979 (Pa. 1997)................................................................................15

*Synthes, Inc. v. Emerge Med., Inc.*,
  No. 11-cv-1566, 2012 WL 4473228 (E.D. Pa. 2012)....................................11

*Taggart v. Deutsche Bank Nat'l Tr. Co.*,
  No. 20-cv-05503, 2021 WL 2255875 (E.D. Pa. 2021)....................................8

*Three River Hydroponics, LLC v. Florists' Mutual Ins. Co.*,
  No. 2:15-cv-00809, 2018 WL 791405 (W.D. Pa. 2018) ...............................16

*Tufano v. Based Bodyworks, LLC*,
  No. 3:26-cv-00835 (M.D. Pa.).........................................................................4

*Tufano v. Fenix Internet, LLC*,
  No. 3:24-cv-01115-JFS (M.D. Pa.) ...............................................................18

*Tufano v. Reddit, Inc.*,
  No. 3:24-cv-01114-JFS (M.D. Pa.) ...............................................................18

iii

*Vallerey Stylianoudis v. Westinghouse Credit Corp.*,
    785 F. Supp. 530 (W.D. Pa. 1992)........................................................................17

*Venzie Corp. v. U.S. Mineral Prods.*,
    521 F. 2d 1309 (3d Cir. 1975) ..............................................................................12

*Verizon Comms. Inc. v. Law Offices of Curtis V. Trinko, LLP*,
    540 U.S. 398 (2004)........................................................................................10, 12

*Vogt v. Wetzel*,
    8 F. 4th 182 (3d Cir. 2021) .....................................................................................8

*Young v. Centerville Clinic, Inc.*,
    No. 09-cv-00325, 2009 WL 2448003 (W.D. Pa. 2008) .........................................6

## Statutes

73 P.S. §§ 201–1, *et seq.* ............................................................................................2, 4

18 U.S.C. § 1832 ....................................................................................................2, 4, 9

Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 41-58 .................3, 5, 13

Pennsylvania's Unfair Trade Practices and Consumer Protection Law
    ("UTPCPL") ............................................................................................................2

Sherman Act, 15 U.S.C. §§ 1-7 ...........................................................................3, 5, 10, 11, 12

## Other Authorities

Fed. R. Civ. P. 8 ...............................................................................................2, 6, 7, 8

Fed. R. Civ. P. 12(b)(6)....................................................................................2, 8, 15

Pa. R. Civ. P. 4003.8 .......................................................................................2, 5, 10

Fed. R. Civ. P. 8 ...............................................................................................2, 6, 7, 8

Defendant Meta Platforms, Inc. ("Meta")[1] respectfully submits this memorandum of law in support of its motion to dismiss Plaintiff Frank Tufano's First Amended Complaint ("FAC").

## I.    INTRODUCTION

*Pro se* Plaintiff Frank Tufano, who has filed dozens of meritless cases dismissed by this Court, brings a laundry list of claims against a disparate collection of 17 defendants, including Defendant Meta.  Although the FAC is difficult to parse, one point is clear: the alleged wrongful conduct has nothing to do with the actions of Meta, which is barely mentioned at all in Plaintiff's FAC.  Meta should be dismissed from the case on that basis alone.  Plaintiff appears to allege that certain purported competitors misappropriated his protein bar product "Best Bar[.]"  Plaintiff further appears to allege that all Defendants conspired to unfairly promote Plaintiff's purported competitors at the expense of smaller businesses like Plaintiff's "Best Bar" business.  Plaintiff further contends that Meta "shadowbanned" his "Best Bar"-related content.  Based on this alleged conduct, Plaintiff brings nine causes of action, including statutory claims (*e.g.*, antitrust, theft of trade secrets, unfair and deceptive trade practices) and common law tort claims (*e.g.*, tortious interference, civil conspiracy).  None can survive a motion to dismiss.

---

[1]   Plaintiff's FAC incorrectly names "Instagram, LLC" as a defendant. Meta owns and operates the online service Instagram.

To start, Plaintiff's FAC fails to satisfy the pleading requirements of Rule 8(a) because it barely references Meta at all and offers no coherent account of the basis for his purported claims against Meta.  Although a *pro se* plaintiff is afforded a degree of pleading leniency, Plaintiff's failure to allege any non-conclusory wrongful conduct by Meta fails to satisfy Rule 8. In fact, the FAC does not contain a single substantive allegation against Meta until Plaintiff's fifth cause of action for alleged antitrust violations.  *See* FAC at 10.  The FAC should be dismissed on this basis alone.

*Second*, Plaintiff's FAC fails on the merits.  None of Plaintiff's nine causes of action contains factual content specifically directed at Meta.  Thus, they are also subject to dismissal under Federal Rule of Civil Procedure 12(b)(6).  The FAC's first four causes of action for unfair competition and deceptive practices under Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. §§ 201–1, *et seq.*, theft and misappropriation of trade secrets under 18 U.S.C. § 1832, and pre-complaint discovery under Pa. R. Civ. P. 4003.8 fail to contain any allegation of substantive conduct by Meta *at all*.  These claims, in addition to the entirety of the FAC's allegations that precede them, instead focus on the conduct of other defendants and refer generally to "[a]ll defendants."  Plaintiff's attempts to lump "[a]ll defendants" together is improper.

The first allegation of substantive conduct by Meta comes toward the end of

the FAC in the Fifth Claim for Relief for Sherman Act violations. But that vague allegation mentions Meta and its online services only in passing and without any individualized allegations describing specific conduct by Meta. Plaintiff's claims for antitrust violations also fail because the FAC does not plausibly allege the existence of a relevant market, agreement, or anticompetitive motive. In addition, his similarly vague claims under the Federal Trade Commission Act ("FTC Act") fail because only the Federal Trade Commission has standing to bring actions under the Act.

Meanwhile, Plaintiff's common law claims fare no better. The tortious interference claim, purportedly based on Meta's "shadowbann[ing] and censor[ing]" Plaintiff on Instagram, identifies no "business relationships" that Meta has purportedly interfered with. And the speculative civil conspiracy claim alleges only a generalized and conclusory belief that "all defendant parties are attempting to manipulate the market," unsupported by any allegations tying Meta to any agreement or concerted action. Accordingly, Plaintiff's Complaint is subject to dismissal under Rules 8 and 12 of the Federal Rules of Civil Procedure. Because amendment would be futile, dismissal of Plaintiff's purported claims against Meta should be with prejudice.

## II.    BACKGROUND

### A. Procedural History

On March 9, 2026, *pro se* Plaintiff Frank Tufano filed his original Complaint in the Court of Common Pleas, Lackawanna County against Jake Levy, Norman Levy, Robyn Levy, and Better Life Foods Inc. (together, "Better Life Foods"), Brendan Ruh and Santa Cruz Paleo Inc. (together, "Santa Cruz Paleo"), Rello Corporation ("Rello"), PowerPuck LLC ("PowerPuck"), Amazon, Inc. ("Amazon"), Sprouts Farmers Market, Inc. ("Sprouts"), ByteDance, Inc. and TikTok Inc. (together, "TikTok"), and Meta.   On March 18, 2026, Plaintiff amended his Complaint to add Paul Saladino and Lineage Provisions LLC (together, "Lineage Provisions," and with Better Life Foods, Santa Cruz Paleo, Rello, and PowerPuck, the "Competitor Defendants").   *See* ECF 1-2.   Meta timely removed the action to this Court on April 13, 2026.   *See* ECF 1.[2]

### B. The FAC

Plaintiff asserts nine causes of action against all defendants.   First, he asserts a violation of Pennsylvania's UTPCPL[3] against "[a]ll defendants" for "appropriating

---

[2]    Plaintiff advances several similar claims against Meta, in a similarly incoherent and conclusory fashion, in a related action pending in this Court against Meta, TikTok, Based Bodyworks, LLC, and Based Bodyworks, Inc.  *See Tufano v. Based Bodyworks, LLC*, No. 3:26-cv-00835 (M.D. Pa.).

[3]    While Plaintiff also brings a claim for "Unfair methods of competition and Unfair or deceptive acts or practices," this is not a separate cause of action but instead what the UTPCPL prohibits.  *See* 73 P.S. § 201-3.

4

the use of [Plaintiff's] product and falsely claiming its uniqueness and authorship."

FAC. at 6-7.  Plaintiff also purports to bring a claim under 18 U.S.C. § 1832 for theft

of trade secrets, misappropriation of trade secrets, and unjust enrichment, against

"[t]he defendants" for selling "millions of dollars of products replicating [his]

formula" and "fraudulently obtaining the ingredients."  *Id.* at 7-8.  Plaintiff next

seeks "Pre-Complaint Discovery" of Competitor Defendants' business

communications and funding under Pa. R. Civ. P. 4003.8.  *See id.* at 9.  Plaintiff

further alleges that TikTok and Meta violated the Sherman Act, 15 U.S.C. §§ 1-7,

and have "refus[ed] to deal" with small businesses."  *Id.* at 10.  In addition, Plaintiff

asserts that TikTok and Meta "controlled" "the algorithm" in violation of the FTC

Act, 15 U.S.C. §§ 41-58 (*id.* at 11), that he is a victim of "tortious interference" due

to restrictions on access to the Meta and TikTok platforms (*id.* at 11-12), and that

Defendants participated in a civil conspiracy by "attempting to manipulate the

market" and "benefitting themselves monetarily" at his expense (*id.* at 12).

With respect to Meta, the FAC alleges next to nothing.  It makes conclusory

allegations that Meta "[gave] a platform to these two products to sell a stolen trade

secret for double the price," "refused to do business with" Plaintiff, and "unfairly

promoted defendants who stole trade secrets."  *Id.* at 10.  In addition, Plaintiff claims

that "the algorithm is very controlled and only select individuals are allowed to post

to the unsuspecting viewer base," *id.* at 11, but fails to articulate what he means by

"very controlled." Plaintiff further alleges that he was "shadowbanned and censored" by Meta "for speaking the truth and exposing the stolen trade secrets," and that due to their "patterns of favoritism . . . all defendant parties are attempting to manipulate the market to promote Based Bodyworks over other small businesses." *Id.* at 12.

Based on these allegations, Plaintiff seeks various categories of monetary damages, including $3.3 million in damages from each Defendant.

## III. ARGUMENT

### A. The FAC Should Be Dismissed for Failure To Comply With Rule 8.

The FAC fails to satisfy Rule 8 of the Federal Rules of Civil Procedure and should be dismissed for that reason alone. Under Rule 8(a), a plaintiff is required to provide defendants with "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8 contemplates the statement of circumstances, occurrences, and events in support of the claim presented." *Anthony v. Manges*, No. 1:23-cv-00067, 2025 WL 1385062, at *2 (W.D. Pa. 2025) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 n.3 (2007) (internal quotation marks omitted)). This is because "[t]he purpose of Rule 8 is to prevent complaints that are ambiguous or vague enough to impede the defendant's ability to form a responsive pleading." *Young v. Centerville Clinic, Inc.*, No. 09-cv-00325, 2009 WL 2448003, at *1 (W.D. Pa. 2008).

6

Notably, the FAC contains virtually no factual allegations specific to Meta or the online services it owns and operates.  Instagram, a service owned and operated by Meta, is mentioned only in passing alongside Defendant TikTok's service.  Although Plaintiff makes a vague allegation in connection with his tortious interference claim that he was "shadowbanned" and "censored" by Meta, the FAC contains no allegations regarding how or when this occurred, or how this interfered with Plaintiff's purported "business relationships."  In short, the FAC is devoid of any particularized factual allegations setting forth what Meta is alleged to have done, when it did it, or how it caused any harm to Plaintiff.  Given the lack of plausible factual allegations against Meta, as well as the FAC's overall lack of coherence, the claims against Meta should be dismissed under Rule 8.  *See, e.g., Anthony*, 2025 WL 1385062, at *3 (dismissing complaint that failed to "set[] forth a single set of circumstances or discrete factual allegations," and where many paragraphs were "argumentative rather than factual"); *Coit v. Wynder*, No. 1:22-cv-01277, 2023 WL 4278668, at *4 (M.D. Pa. 2023) (complaint ran afoul of Rule 8 where plaintiff did not clearly set forth "the factual grounds upon which [plaintiff's] specific claims rest").[4]

---

[4] Moreover, the FAC fails under Rule 8 because it relies entirely on sweeping, conclusory references to "[a]ll defendants" or "TikTok and Instagram" as a unit, without ever distinguishing Meta's conduct from that of any other Defendant.  *See Deluca's Auto Repair Inc. v. City of Hazleton*, No. 3:25-cv-00511, 2026 WL 852013, at *8 (M.D. Pa. 2026) (dismissing complaint under Rule 8 because "plaintiff cannot

**B. The FAC Fails To State a Claim Against Meta.**

If not dismissed under Rule 8, Plaintiff's claims against Meta fail for the additional reason that each cause of action set forth in the FAC fails to state a plausible claim for relief.

To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Although a "court must construe the complaint in the light most favorable to a plaintiff … a court need not accept as true inferences drawn by the plaintiff that are unsupported by facts." *Taggart v. Deutsche Bank Nat'l Tr. Co.*, No. 20-cv-05503, 2021 WL 2255875, at *4 (E.D. Pa. 2021) (citing *Connelly v. Lane Constr. Corp.*, 809 F. 3d 780, 780 (3d Cir. 2016); *Cal. Pub. Emps.' Ret. Sys. v. Chubb Corp.*, 394 F. 3d 126, 143 (3d Cir. 2004)).

And although pleadings from *pro se* litigants are generally construed

---

allege personal involvement by repeatedly and collectively referring to the defendants as a group without clarifying the basis for each defendant's liability") (citing *Lawal v. McDonald*, 546 F. App'x. 107, 113 (3d Cir. 2014) (emphasis in original)). Plaintiff's lumped, group-pleading approach falls far short of Rule 8's fair notice requirement because it is impossible for each Defendant to understand which claims are being asserted against it and the specific grounds on which each claim rests. *See McCartney v. Pennsylvania State Police*, No. 1:09-cv-1817, 2010 WL 2196429, at *4 (M.D. Pa. 2010).

8

"liberally … pro se litigants still must allege sufficient facts in their complaints to support a claim." *Hickson v. Peco Energy Co.*, No. 25-cv-02980, 2025 WL 3678433, at *2 (E.D. Pa. 2025) (quoting *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (internal quotation marks omitted)).

1. **The FAC fails to state claims for Unfair Competition or Theft or Misappropriation of Trade Secrets**

Although the FAC includes claims under the UTPCPL and 18 U.S.C. § 1832,[5] none of Plaintiff's causes of action under these statutes contain any allegations against Meta specifically. *See* FAC at 6-8. Plaintiff asserts these claims against "[a]ll defendants," claiming that they "appropriate[d] the use of the product and falsely claimed authorship," "fraudulently obtain[ed] the ingredients" for Plaintiff's "Best Bar," and received money "through the application of the trade secret." *Id.* However, Plaintiff only alleges that Competitor Defendants—and not Meta—copied the "Best Bar" formula and received profits from their products. *See id.* at 2-4. Plaintiff fails to set out *any* allegations implicating Meta in support of these claims— let alone "'sufficient factual matter' to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F. 3d 203, 210 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 677)); *see also Alston v. Wenerowicz*, 167 F. Supp. 3d 714, 717-18 (E.D. Pa.

---

[5] Even if his Section 1832 claim contained any reference to Meta, Plaintiff has no standing to bring a claim under that statute, which provides only for criminal enforcement and penalties. *See* 18 U.S.C. § 1832(b).

2016) (dismissing *pro se* plaintiff's claim for constitutional violations against defendant where complaint did "not make any factual allegations" regarding such defendant).  As a result, his claims for violations of the UTPCPL and 18 U.S.C. § 1832 cannot proceed against Meta and should be dismissed.[6]

### 2. The FAC fails to state claims under the Sherman Act.

The FAC also falls well short of alleging anticompetitive activity or a "refusal to deal" under the Sherman Act, 15 U.S.C. §§ 1-7, as is necessary to state a claim for relief.

The FAC appears to assert a claim under Section 1 of the Sherman Act, as it alleges that "agreements among competitors to fix prices or wages, rig bids, or allocate customers, workers, or markets, are criminal violations" and that "[o]ther agreements such as exclusive contracts that reduce competition may violate the Sherman Antitrust Act."  FAC at 10; *see also* 15 U.S.C. § 1 (prohibiting any "contract … in restraint of trade or commerce").  The FAC also purports to assert a

---

[6]  Plaintiff's fourth cause of action for "Pre-Complaint Discovery" under Pa. R. Civ. P. 4003.8 does not mention Meta at all (even under the broad umbrella of "[a]ll defendants"), instead requesting production of Competitor Defendants' "business communications" and "source of funding."  FAC at 9.  Moreover, Pa. R. Civ. P. 4003.8 only authorizes "pre-complaint discovery" that is "necessary to the filing of the complaint" (which here, has already been filed), and Plaintiff cannot obtain pre-complaint discovery in federal court in any event.  *See* Pa. R. Civ. P. 4003(a); *Mixing and Mass Transfer Techs.*, No. 4:05-cv-1919, 2006 WL 140414, at *3 n.2 (M.D. Pa. 2006) ("[N]o . . . pre-complaint discovery is available under the Federal Rules of Civil Procedure.").

claim under Section 2 of the Sherman Act based on a "refusal to deal."  *See* Compl. at 10; *see also Verizon Comms. Inc. v. Law Offices of Curtis V. Trinko, LLP*, 540 U.S. 398, 408 (2004) (refusal to deal falls under Section 2).

To state a claim under either section of the Sherman Act, a plaintiff "must allege an injury to competition in a particular relevant market." *Premier Comp. Sols. LLC v. UPMC*, 377 F. Supp. 3d 506, 525 (W.D. Pa. 2019) (citing *Eichorn v. AT&T Corp.*, 248 F. 3d 131, 147-48 (3d. Cir. 2001)).  Plaintiff, however, does not allege a relevant market or market share, which "requires identification of both the product at issue and the geographic market for that product."  *Premier Comp Sols.*, 377 F. Supp. 3d at 526 (internal citation omitted); *see also Queen City Pizza,* 124 F. 3d at 436; *Synthes, Inc. v. Emerge Med., Inc.*, No. 11-cv-1566, 2012 WL 4473228, at *10 (E.D. Pa. 2012) ("Absent an allegation regarding market share, an antitrust claim is subject to dismissal.").  Plaintiff solely alleges that Meta "ha[s] given a platform to these two products to sell a stolen trade secret for double the price," but does not identify which products Meta promoted on the Instagram service, let alone the geographic area in which they are sold.  FAC at 10.

Plaintiff also fails to allege any agreement, which is fatal to a Section 1 claim. *See Davis v. Hanna Holdings*, 787 F. Supp. 3d 42, 55 (E.D. Pa. 2025) ("[A] plaintiff must plausibly show that the defendant agreed with another party to restrain trade; unilateral action, no matter what its motivation, cannot violate § 1… Absent an

agreement … no § 1 claim can proceed." (quoting *Edward J. Sweeney & Sons, Inc.*, 637 F. 2d 105, 110-111 (3d Cir. 1980) (internal quotation marks omitted)); *Howard Hess Dental Lab. Inc. v. Dentspy Int'l*, 602 F. 3d 237, 254 (3d Cir. 2010) ("To allege such an agreement between two or more persons or entities, a plaintiff must allege facts plausibly suggest 'a unity of purpose or a common design and understanding, or a meeting of minds in an unlawful arrangement.'" (quoting *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 771 (1984)).

The FAC also purports to assert a claim under Section 2 of the Sherman Act based on a "refusal to deal." *See* Compl. at 10; *see also Trinko*, 540 U.S. at 408 (refusal to deal falls under Section 2). This claim for "refusal to deal" is likewise insufficient to withstand a motion to dismiss. To allege a "refusal to deal" under Section 2, a plaintiff must allege that a "refusal to deal … was 'irrational but for its anticompetitive effect.'" *SEI Global Servs., Inc. v. SS&C Advent*, 496 F. Supp. 3d 883, 900 (E.D. Pa. 2020) (quoting *Novell, Inc. v. Microsoft Corp.*, 731 F. 3d 1064 (10th Cir. 2013)). However, the FAC is devoid of any allegations regarding Meta's supposed motives for allegedly refusing to deal with small businesses. Instead, Plaintiff claims only that Meta's conduct "benefitted [Meta] monetarily" without explaining how Meta's conduct did, in fact, lead to any economic benefits. FAC at 12. This is insufficient to establish a claim for refusal to deal. *See Venzie Corp. v. U.S. Mineral Prods.*, 521 F. 2d 1309, 1314 (3d Cir. 1975) (dismissing refusal to deal

12

claim in "[t]he absence of action contrary to … economic interests").  As such, Plaintiff has failed to carry his burden of showing that Meta's conduct was solely aimed at destroying competition.  *See Trinko*, 540 U.S. at 409 (dismissing refusal to deal claim where "the defendant's prior conduct sheds no light upon the motivation of its refusal to deal—upon whether its regulatory lapses were prompted not by competitive zeal but anticompetitive malice").

### 3.  Plaintiff fails to state a claim under the FTC Act.

The FAC also purports to bring a claim under the FTC Act, 15 U.S.C. §§ 41-58.  *See* FAC at 11.  However, "private parties are not authorized to file enforcement actions, only the FTC has that authority."  *Kornea v. J.S.D. Mgmt., Inc.*, 366 F. Supp. 3d 660, 669 (E.D. Pa. 2019) (dismissing complaint on that basis); *see also Pressley v. Exeter Fin. Corp.*, No. 21-cv-3641, 2022 WL 2905235, at *3 (E.D. Pa. 2022) (same).  Therefore, Plaintiff has no standing to bring a claim under the FTC Act, and this claim must be dismissed.

### 4.  Plaintiff fails to state a claim for Tortious Interference.

Plaintiff's claim for tortious interference[7] fails because he does not allege any of its required elements.  "To prevail on a claim for tortious interference with existing or prospective contractual relationships, a party must prove: (1) the

---

[7]  As Plaintiff merely asserts "tortious interference" as a claim, *see* FAC at 11-12, it is unclear whether he asserts tortious interference with contract or prospective economic advantage, or both. In either case, the claim fails.

existence of a contractual or prospective contractual or economic relationship between the plaintiff and a third party; (2) purposeful action by the defendant, specifically intended to harm an existing relationship or intended to prevent a prospective relation from occurring; (3) the absence of privilege or justification on the part of the defendant; (4) legal damage to the plaintiff as a result of the defendant's conduct; and (5) for prospective contracts, a reasonable likelihood that the relationship would have occurred but for the defendant's interference." *Acumed LLC v. Advanced Surgical Servs., Inc.*, 561 F.3d 199, 212 (3d Cir. 2009). In support of this claim, Plaintiff asserts only that he has been "shadowbanned and censored on both platforms for speaking the truth and exposing the stolen trade secrets, which has caused irreparable harm to his personal reputation and business." FAC at 12. Plaintiff's claim fails at the outset because the FAC is devoid of allegations regarding any contractual or prospective economic relationships with which Meta purportedly interfered. *See Alvord-Polk, Inc. v. F. Schumacher & Co.*, 37 F.3d 996, 1015 (3d Cir. 1994) (dismissing tortious interference claim where "[p]laintiffs have failed to identify with sufficient precision contracts and prospective contracts which were interfered with by the defendants" or "an existing contract which was terminated because of the defendant's actions").

Further, even if Plaintiff had identified any third parties with which he had a contractual or economic relationship, the FAC contains no allegations regarding

14

Meta's knowledge of or intent to interfere with any such relationship. *See American Osteopathic Assoc. v. Am. Bd. of Internal Med.*, 555 F. Supp. 3d 142, 150 (E.D. Pa. 2021) (dismissing tortious interference claim where plaintiffs "fail[ed] to allege a specific intent to harm"). And while Plaintiff suggests Meta's actions somehow "benefitted [it] monetarily," alleging tortious interference requires establishing that defendant's "conduct violated the 'rules of the game'—and amounted to more than mere competition, which the law protects." *B.P. Environ. Servs., Inc. v. Republic Servs., Inc.*, 946 F. Supp. 2d 402, 409 (E.D. Pa. 2013).

### 5. Plaintiff fails to state a claim for Civil Conspiracy.

Plaintiff's claim for civil conspiracy, *see* FAC at 12, also fails due to the FAC's lack of allegations regarding a plausible agreement. *See infra* Section II.B.2. To allege civil conspiracy under Pennsylvania law, "the following elements are required: (1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage." *General Refractories Co. v. Fireman's Fund Ins. Co.*, 337 F. 3d 297, 313 (3d Cir. 2003) (quoting *Strickland v. Univ. of Scranton*, 700 A.2d 979, 987-988 (Pa. 1997) (internal quotation marks omitted)). The FAC states that Plaintiff "believes that all defendant parties are attempting to manipulate the market to promote these bars produced from stolen trade secrets over other small businesses,"

15

FAC at 12, but does not allege how Meta and other Defendants reached an agreement or engaged in joint action to manipulate the market. This is insufficient to meet the Rule 12(b)(6) standard. *See Feliz v. Kintock Grp.*, No. 02-cv-03541, 2007 WL 9751961, at *1 n.1 (E.D. Pa. 2007) ("[C]onclusory allegations of concerted action devoid of facts actually reflecting joint action cannot withstand a motion to dismiss.").

Further, even assuming the FAC contained sufficient factual allegations from which to infer concerted action, "[a] viable civil conspiracy claim also requires malice or intent to injure … [b]ald assertions that certain actions were malicious are insufficient; it must be alleged that the *sole* purpose of the conspiracy was to injure the [p]laintiffs." *North Penn Towns, LP v. Concert Golf Partners, LLC*, 554 F. Supp. 3d 665, 713 (E.D. Pa. 2021) (internal citations omitted; emphasis in original). "Courts routinely dismiss civil conspiracy claims where the plaintiff failed to allege that the defendants acted maliciously or with the sole intent to injure him or her." *Id.* Here, the FAC merely states that Defendants attempted to manipulate the market to "benefit[] themselves monetarily." FAC at 12. As such, the FAC fails to allege the requisite sole intent to injure Plaintiff, instead suggesting Meta and the other Defendants had broader commercial incentives. *See Three River Hydroponics, LLC v. Florists' Mut. Ins. Co.*, No. 2:15-cv-00809, 2018 WL 791405, at *6 (W.D. Pa. 2018) (dismissing civil conspiracy claim where plaintiff alleged that defendants

16

conspired "for the sole purpose of minimizing their losses and maximizing their profits" (internal citation to complaint omitted)).

Moreover, a conspiracy "is not independently actionable, but is rather a means for establishing vicarious liability for the underlying tort … if a court concludes that no tort was committed, there can be no civil conspiracy to commit that tort." *Loduca v. WellPet LLC*, 549 F. Supp. 3d 391, 407 (E.D. Pa. 2021) (internal citation omitted). As explained above, Plaintiff has failed to establish any underlying tort, which independently dooms his conspiracy claim.

## C. Amendment Would Be Futile

Leave to amend is properly denied where amendment would be futile. *See Holst v. Oxman*, 290 F. App'x. 508, 510 (3d Cir. 2008) (denial of leave to amend is proper on basis of futility where "complaint, as amended, would fail to state a claim upon which relief could be granted"). As set forth above, amendment would be futile here because Plaintiff cannot plead any facts that would cure the defects in his FAC. *See Lorenz v. CSX Corp.*, 1 F. 3d 1406, 1414 (3d Cir. 1993) (denying leave to amend as futile because "even if they were pled, [] additional facts would not breathe life into" plaintiff's claim); *Vallerey Stylianoudis v. Westinghouse Credit Corp.*, 785 F. Supp. 530, 531 (W.D. Pa. 1992) (amendment was futile where plaintiffs' claims were barred by applicable statute). As such, Plaintiff's claims against Meta should be dismissed without leave to amend.

17

## IV.    CONCLUSION

For the foregoing reasons, the Court should dismiss the claims against Meta asserted in the FAC without leave to amend.[8]

Dated: May 4, 2026                              Respectfully submitted,

                                               /s/ Richard L. Armezzani
                                               Daniel T. Brier
                                               Richard L. Armezzani
                                               MYERS, BRIER & KELLY LLP
                                               425 Biden Street, Suite 200
                                               Scranton, PA 18503
                                               (570) 342-6100 x.106
                                               dbrier@mbklaw.com
                                               rarmezzani@mbklaw.com

                                               *Counsel for Defendant*
                                               *Meta Platforms, Inc.*

---

[8]    Indeed, Plaintiff has filed more than two dozen cases in this Court, and has had his claims repeatedly dismissed with prejudice, including where the Court noted that an appeal would be frivolous. *See, e.g., Tufano v. Fenix Internet, LLC*, No. 3:24-cv-01115-JFS (M.D. Pa.), ECF 9, report and recommendation adopted, ECF 12 (noting any appeal "is deemed frivolous and not taken in good faith"); *Tufano v. Reddit, Inc.*, No. 3:24-cv-01114-JFS (M.D. Pa.), ECF 8, report and recommendation adopted, ECF 9 (noting same).

18

## CERTIFICATE OF SERVICE

I, Richard L. Armezzani, hereby certify that a true and correct copy of the foregoing Memorandum of Law in Support of Motion To Dismiss was served upon following parties via first-class mail, postage prepaid, on this 4th day of May 2026:

Frank Tufano
25 Dundaff Street
Carbondale, PA 18407

Robert D. Schaub, Esquire
Thomas J. Campenni, Esquire
Rosenn, Jenkins & Greenwald
Cross Creek Pointe
1065 Highway 315 Boulevard, Suite 200
Wilkes-Barre, PA  18702

Jake Levy
Norman Levy
Robyn Levy
Better Life Foods, Inc.
15721 Railroad Street #Unit J
City of Industry, CA 91748

Eat Prima (Prima Protein Brands LLC)
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

PowerPuck LLC
39 Viking Drive
Englewood, CO 80113

Amazon.com, Inc.
Corporation Service Company
300 Deschutes Way SW, Suite 208 MC-CSC1
Tumwater, WA 98501

19

Sprouts Farmers Market, Inc.
5455 E. High Street, Suite 111
Phoenix, AZ 85054

Brendan Ruh
Santa Cruz Paleo, Inc.
1945 Zapo Street
Del Mar, CA 92014

Bytedance Inc.
1199 Coleman Ave.
San Jose, CA 94110

TikTok, Inc.
5800 Bristol Parkway
Suite 100
Culver City, CA 90230

Rello Corporation
1301 N. Broadway, Ste. 32337
Los Angeles, CA 90012

Paul Saladino
Lineage Provisions LLC
1164 NW Pittman Pl.
Bend, OR 97703

/s/ Richard L. Armezzani
Richard L. Armezzani

20