**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FRANK TUFANO<br><br>Plaintiff<br>vs.<br><br>BETTER LIFE FOODS, INC., ET AL.<br><br>Defendants | Case No. 3:26-cv-00939-SAC<br><br>(Magistrate Judge Camoni)<br><br>Electronically Filed |

**LAKES VENTURE, LLC D/B/A FRESH THYME MARKET'S, REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS FIRST AMENDED COMPLAINT**

RESPECTFULLY SUBMITTED:


ROSENN, JENKINS & GREENWALD, LLP

BY: /S/ THOMAS J. CAMPENNI, ESQUIRE
ROBERT D. SCHAUB, ESQUIRE
Attorney I.D. No. 42466
THOMAS J. CAMPENNI, ESQUIRE
Attorney I.D. No. 87809
Cross Creek Pointe
1065 Highway 315, Suite 200
Wilkes-Barre, PA 18702
(570) 826-5652 – telephone
(570) 826-5640 – facsimile
rschaub@rjglaw.com
tcampenni@rjglaw.com

Attorneys for Defendant, LAKES VENTURE, LLC d/b/a FRESH THYME MARKET

Defendant, Lakes Venture, LLC d/b/a Fresh Thyme Market ("Fresh Thyme"), respectfully submits this Reply Brief in Support of its Motion to Dismiss First Amended Complaint ("FAC") of Plaintiff, Frank Tufano ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 12(b)(6). As demonstrated in Fresh Thyme's Brief in Support of its Motion To Dismiss Plaintiff's FAC (ECF 28), the FAC fails to satisfy the pleading requirements of Rules 8 and 12 of the Federal Rules of Civil Procedure because it mentions Fresh Thyme only once in the FAC at Paragraph 11, and, most importantly, does not contain sufficient factual allegations specifically directed at Fresh Thyme. None of the contentions in Plaintiff's five-paragraph Opposition Brief (ECF 34) compel or suggest a different conclusion. As with the FAC, the Opposition Brief offers no coherent grounds for Plaintiff's claims against Fresh Thyme. And because amendment would be futile, the FAC should be dismissed with prejudice.

## ARGUMENT

### A. The FAC Should Be Dismissed for Failure To Comply With the Pleading Requirements of the Federal Rules of Civil Procedure.

Upon review of Fresh Thyme's Motion to Dismiss and Supporting Brief and Plaintiff's Opposition Brief, it is respectfully submitted that it is conclusively demonstrated that the FAC fails to comply with Rules 8 and 12 of the Federal Rules of Civil Procedure. It is beyond dispute that, even construed liberally, Plaintiff's

vague and conclusory allegations in the FAC fail to state any plausible claim for relief against Fresh Thyme. Realizing the strength and validity of Fresh Thyme's arguments, Plaintiff has no choice but to essentially concede that he does not allege a valid claim against Fresh Thyme. Notably, in his Opposition Brief, Plaintiff makes the following admissions:

- *Fresh Thyme* ***may not have been aware*** *that the product on their shelves was a stolen formulation;*
- *Fresh Thyme is* ***probably*** *conspiring with an unnamed defendant or defendants; and*
- *Fresh Thyme's alleged role and degree of involvement is* ***not as considerable or responsible*** *as other defendants.*

*See* Opposition Brief at ¶¶ 2-3, 4 (emphasis added).

While it is acknowledged that a *pro se* litigant's pleadings are entitled to liberal construction, *see Tufano v. Fenix Internet, LLC*, Civ. A. No. 24-1115, 2024 WL 4783840, at *2 (M.D. Pa. 2024) (Arbuckle, M.J.), *report and recommendation adopted*, 2024 WL 4774878 (M.D. Pa. 2024) (Saporito, J.), Plaintiff's *pro se* status "does not absolve that individual of compliance with the Federal Rules of Civil Procedure." *Drake v. Steamfitters Local Union No. 420*, Civ. A. No. 97-585, 1998 WL 564486, at *2 (E.D. Pa. 1998), *aff'd*, 242 F. 3d 370 (3d Cir. 2000). And where a complaint is legally insufficient on its face, a motion to dismiss "may be decided ...

without extensive factual development." *Rieco v. Aurandt*, Civ. A. No. 15-0657, 2016 WL 11970400, at *1 (W.D. Pa. 2016) (quoting *Mann v. Brenner*, 375 F. Appx. 232, 239 (3d Cir. 2010)); *see also Brown v. Riazzi*, Civ. A. No. 17-708, 2018 WL 2435185, at *7 n.12 (W.D. Pa. 2018) (*Pro se* "[p]laintiff failed to state a claim which would entitle him to relief, thus he is not entitled to discovery.") (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009)).

Because Plaintiff's FAC plainly fails to comply with the pleading requirements of Rules 8 and 12 of the Federal Rules of Civil Procedure, Fresh Thyme's Motion to Dismiss should be granted on this basis alone.

**B. <u>Plaintiff's Opposition Brief Alleges Facts Outside of the FAC.</u>**

As explained in Fresh Thyme's Motion to Dismiss, Plaintiff has not and cannot state plausible claims of relief. Assuming *arguendo* that Plaintiff's allegations in its Opposition Brief somehow suggest that he has a claim against Fresh Thyme, the allegations should nonetheless be rejected because these new allegations directed at Fresh Thyme: that (1) Fresh Thyme "demonstrates a personal vendetta against Frank Tufano right off the bat;" (2) "Fresh Thyme . . . are still providing the sales platform for said stolen product;" and (3) Fresh Thyme is "conspiring with the defendant who sells said product to deprive [Plaintiff] of product property and monies.," Opp. Br. ¶¶ 1-3, were not raised in the FAC.

In short, Plaintiff improperly seeks to add factual material not contained in the

FAC, and, thus, should not be considered on Fresh Thyme's Motion to Dismiss. *See Coit v. Wynder*, Civ. A. No. 22-01277, 2025 WL 2656069, at *7 (M.D. Pa. 2025) (Kane, J.) ("Regarding Coit's new factual allegations in his opposition brief, this Court may not consider them in resolving Defendant's motion to dismiss," as "[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (quoting *Commonwealth of Pennsylvania ex rel. Zimmerman and PepsiCo, Inc.*, 836 F. 2d 173, 181 (3d Cir. 1988) (internal quotation marks omitted)). Regardless, even if the Court were to consider this new material, as set forth above. it does not save the FAC from dismissal under Rules 8 and 12.

Plaintiff's supplemental allegations in the Opposition Brief fail under Rule 8 for the same reasons set forth in the Motion to Dismiss: they do not state what Fresh Thyme is alleged to have done, when it did it, or how it caused harm to Plaintiff. Plaintiff does not explain how or when Fresh Thyme supposedly conspired with the defendants or caused him in any damages. *See Anthony v. Manges*, Civ. A. No. 23-00067, 2025 WL 1385062, at *2 (W.D. Pa. 2025) (Rule 8 "contemplates the statement of circumstances, occurrences, and events in support of the claim presented.") (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 n.3 (2007) (internal quotation marks omitted)). Moreover, Plaintiff does not indicate which claim(s) in the FAC the allegations in the Opposition Brief supposedly support. *See Luciano v. Pennsylvania*, Civ. A. No. 24-4295, 2025 WL 209177, at *2 (E.D. Pa.

2025) ("Because the claims are unclear and the facts underdeveloped, the Complaint fails to provide fair notice of the grounds upon which [plaintiff]'s claims against the Defendants rest, as required by Rule 8.") (citing *Afzal v. N.J. Bd. of Med. Examiners*, Civ. A. No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022)).

Even if Plaintiff tied the allegations in the Opposition Brief to specific claims in the FAC, they do not make any of those claims sufficiently plausible to withstand dismissal under Rule 12. As set forth in Fresh Thyme's Motion to Dismiss, Plaintiff's FAC cannot support a tortious interference claim because there are no allegations regarding any contractual or prospective economic relationships with which Fresh Thyme purportedly interfered. *See* Brief in Support of Motion to Dismiss at pgs. 12-13; ECF 28. Moreover, Plaintiff's suggestion that Fresh Thyme was "probable [sic] conspiring" with other unnamed defendants fails to establish an antitrust claim absent allegations regarding a relevant market or market share, or a civil conspiracy claim absent allegations regarding a plausible agreement. *See id.* at pgs. 9-11, 13-15.

**C. <u>Amendment Would Be Futile.</u>**

Plaintiff requests that this Court "address [the] insufficiencies" in the FAC and grant him an opportunity to amend. Opp. Br. ¶ 4. However, the fantastical and conclusory allegations in Plaintiff's Opposition Brief only underscore that Plaintiff cannot plead any set of facts to establish his claims. *See Longenberger v. Miner*,

Civ. A. No. 17-00588, 2018 WL 1070804, at *10 (M.D. Pa. 2018) (Kane, J.) (amendment would be futile where "a liberal reading of the amended complaint, the exhibits offered in support thereof, and the brief in opposition to the motion to dismiss, reveals no set of facts that could plausibly give rise to a viable claim for relief"). Plaintiff already has amended once and still was unable to state plausible claims for relief. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) ("Though we must construe pro se pleadings liberally," plaintiff "has already had two chances to tell his story . . . further leave to amend would be futile.").; *Lorenz v. CSX Corp.*, 1 F. 3d 1406, 1414 (3d Cir. 1993) (denying leave to amend as futile because "even if they were pled, [] additional facts would not breathe life into" plaintiff's claim); *Vallerey Stylianoudis v. Westinghouse Credit Corp.*, 785 F. Supp. 530, 531 (W.D. Pa. 1992) (amendment was futile where plaintiffs' claims were barred by applicable statute). As such, Plaintiff's claims against Fresh Thyme should be dismissed without leave to amend.

## II. CONCLUSION

For the foregoing reasons, the Court should dismiss the claims against Fresh Thyme asserted in the FAC without leave to amend.

RESPECTFULLY SUBMITTED:

ROSENN, JENKINS & GREENWALD, LLP

BY:/S/THOMAS J. CAMPENNI, ESQUIRE
ROBERT D. SCHAUB, ESQUIRE
Attorney I.D. N. 42466
THOMAS J. CAMPENNI, ESQUIRE
Attorney I.D. No. 87809
Cross Creek Pointe
1065 Highway 315, Suite 200
Wilkes-Barre, PA 18702
(570) 826-5652 – telephone
(570) 826-5640 – facsimile
tcampenni@rjglaw.com

Attorneys for Defendant, LAKES VENTURE, LLC d/b/a FRESH THYME MARKET