2024 WL 4774878
Only the Westlaw citation is currently available.
United States District Court, M.D. Pennsylvania.

Frank TUFANO, Plaintiff,
v.
FENIX INTERNET LLC, Defendant.

CIVIL ACTION NO. 3:24-cv-01115
|
Signed November 13, 2024

**Attorneys and Law Firms**

Frank Tufano, Carbondale, PA, Pro Se.

## MEMORANDUM

JOSEPH F. SAPORITO, JR., United States District Judge

***1** Now before the court is a report and recommendation of United States Magistrate Judge William I. Arbuckle, in which he recommends that the pro se amended complaint be dismissed for failure to state a claim upon which relief can be granted. Doc. 9. Judge Arbuckle further recommends that the amended complaint be dismissed *without* leave to amend as the plaintiff has already been given an opportunity to amend but was unable to plead a plausible claim, making any further amendment futile. *Id.*

The plaintiff has timely filed an objection to Judge Arbuckle's report and recommendation. Doc. 10. The only specific objection articulated by the plaintiff is an argument that the recommended dismissal of his claims would violate his Seventh Amendment right to a jury trial.

The plaintiff's objection, however, is without merit. *See Hahn v. New Jersey*, 803 Fed. App'x 667, 668 (3d Cir. 2020) (per curiam) ("The Seventh Amendment does not prevent a District Court from dismissing a complaint in a case, like this one, where the plaintiff has failed to plead a plausible claim."); *Acosta v. Democratic City Comm.*, 767 Fed. App'x 392, 394 (3d Cir. 2019) (per curiam) ("[T]he District Court did not violate [the plaintiff's] right to a jury trial under the Seventh Amendment by granting the motions to dismiss."). "The Seventh Amendment preserves the right to a jury trial in cases where there are issues of fact to be determined." *McArdle v. Verizon Commc'ns Inc.*, 567 Fed. App'x 116, 119 (3d Cir. 2014); *see also Gochin v. Thomas Jefferson Univ.*, 752 Fed. App'x 135, 135 (3d Cir. 2019) (per curiam). "Where, as here, a district court concludes *as a matter of law* that the plaintiff cannot succeed on his claim, the district court's legal determination does not invade the province of the jury and, therefore, does not violate his Seventh Amendment right." *McArdle*, 567 Fed. App'x at 119 (emphasis added); *see also Gochin*, 752 Fed. App'x at 136.

Following an independent review of the report and the record, and having afforded "reasoned consideration" to the uncontested portions of the report, *E.E.O.C. v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017), we are satisfied "that there is no clear error on the face of the record," Fed. R. Civ. P. 72(b) advisory committee note to 1983 amendment. We find Judge Arbuckle's analysis to be well-reasoned and fully supported by the record and applicable law. Accordingly, the court will adopt the report and recommendation in its entirety as the decision of the court, as supplemented by this memorandum opinion.

An appropriate order follows.

**All Citations**

Not Reported in Fed. Supp., 2024 WL 4774878

End of Document © 2026 Thomson Reuters. No claim to original U.S. Government Works.