1998 WL 564486
United States District Court, E.D. Pennsylvania.

Olivia DRAKE, Plaintiff,
v.
STEAMFITTERS LOCAL UNION No. 420, Defendant.

No. CIV. A. 97–CV–585.
|
Sept. 3, 1998.

*MEMORANDUM OF DECISION*

McGLYNN, J.

***1** In January of 1997, Plaintiff Olivia Drake ("Ms. Drake"), an African–American female, brought suit against Defendant Steamfitter's Local Union 420 ("Local 420"), alleging racial and sexual discrimination in violation of Title VII. On June 29, 1998, the court dismissed all but one of Ms. Drake's claims, allowing Ms. Drake ten (10) days to submit affidavits in support of her remaining claim. Presently before the court is Ms. Drake's Motion for an Extension of Time, Motion for Reconsideration of the Court's June 29, 1998 Order, and Motion for Sanctions against Local 420. In addition, Local 420 has renewed it's motion for summary judgment and also requests that sanctions be levied against Ms. Drake. For the following reasons, Ms. Drake's motions will be denied, Local 420's Renewed Motion for Summary Judgment will be granted and its motion for sanctions against Ms. Drake will be denied.

I. Background

Local 420 is a labor organization representing members who perform jobs such as steamfitting, pipefitting, and welding. Ms. Drake became a member of Local 420 in 1980. In October of 1996, Ms. Drake filed a complaint with the EEOC, claiming racial discrimination and sexual harassment by Local 420. After receiving a right-to-sue letter, Ms. Drake filed suit in this court in January of 1997, alleging that Local 420: (1) referred white, male union members for employment over Ms. Drake; (2) encouraged racial comments directed at Ms. Drake and permitted harassing graffiti at her jobsite; and (3) provided free legal counsel to union members and officials but failed to provide Ms. Drake with the same. Shortly thereafter, Ms. Drake proceeded with her claims as a *pro se* plaintiff.

Trial was scheduled for June 29, 1998. Prior to its inception, the court permitted Ms. Drake to orally respond to Defendant's Motion for Summary Judgment since she had not submitted a written response. After hearing argument from both sides, the court dismissed Ms. Drake's claims that Local 420 failed to refer her for employment and encouraged racial comments and graffiti at her employment. However, Ms. Drake was permitted ten (10) days to produce sworn affidavits supporting her remaining claim that Local 420 provided free legal counsel for white, male union members and officials pursuing private lawsuits, but denied Ms. Drake the same.

Currently, Ms. Drake seeks an extension of time to produce the affidavits and also requests reconsideration of the court's dismissal of her prior claims. In addition, Ms. Drake requests that sanctions be levied against counsel for Local 420, claiming they failed to provide the addresses of the union individuals Ms. Drake intended to interview. To the contrary, Local 420 renews its motion for summary judgment and requests the imposition of sanctions against Ms. Drake, alleging Ms. Drake failed to produce her expert witnesses at their scheduled depositions.

II. Discussion

A. Ms. Drake's Motion for an Extension of Time and Motion for Sanctions

***2** At the June 29, 1998 hearing, Ms. Drake claimed that Local 420 provided free legal services for two union members and two union officials but failed to provide Ms. Drake with counsel to pursue her legal claims. On June 29, 1998, Ms. Drake identified Daniel Hill, Ronald Rosen, Daniel Cordero and John Taggert as the recipients of these legal services. Mem. in Support of Df's Response to Pl's Mot. For Sanctions, at 3. Based on these representations, the court denied Local 420's Motion for Summary Judgment with regard to this claim only and directed Ms. Drake to produce sworn affidavits supporting her allegations by July 10, 1998. By letter dated July 3, 1998, Ms. Drake requested that the deadline be extended until July 13, 1998, claiming she was entitled to a three-day extension because July 3, 1998, was an observed federal holiday. In correspondence dated July 8, 1998, Local 420 stated that upon motion to the court by Ms. Drake, it

would accede to a two-week extension of time, permitting Ms. Drake to file the affidavits by July 24, 1998.

On July 22, 1998, Ms. Drake moved for a forty-five (45) day extension of time to produce the four (4) affidavits plus three (3) additional ones of white, male union members. Ms. Drake alleges that her inability to procure these affidavits is a direct result of Local 420's failure to provide the addresses of the union individuals and its failure to arrange a meeting between them. Consequently, Ms. Drake requests the imposition of sanctions against Local 420 for failing to comply with the court's Order of June 29, 1998.

1. Motion for an Extension of Time

In general, *pro se* plaintiffs are given greater leeway when they have not followed technical rules of procedure. *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)(*pro se* plaintiff's pleadings evaluated using less stringent standards). However, a complainant's *pro se* status does not absolve that individual of compliance with the Federal Rules of Civil Procedure.

In the present case, the court has been exceptionally lenient with Ms. Drake's failure to follow procedure. Ms. Drake has had more than sufficient time and opportunity to gather the requested affidavits but has failed to do so. Instead, Ms. Drake has engaged in a contentious letter-writing campaign with counsel for Local 420. While two months have past since the court's June 29, 1998 Order, Ms. Drake has made no other attempts to schedule meetings with the union individuals after July 10, 1998. Therefore, Ms. Drake's request for an extension of time will be denied.

2. Motion for Sanctions

At the June 29, 1998 hearing, Local 420 expressed an unwillingness to provide the home addresses of the four union individuals. However, Local 420 offered to make the four union individuals who were identified in court available to Ms. Drake through the union hall. *Id.* at 3. By letter dated July 3, 1998, Ms. Drake requested that Local 420 arrange a meeting and produce the addresses of five union members and officials. This letter, which Local 420 claims it received on July 8, 1998, requested the additional address of union member John O'Brien who was not previously identified at the June 29 hearing. *Id.* at 4. During a July 7, 1998 telephone conversation, the parties agreed to schedule a meeting for July 9 or 10, 1998. *Id.* According to Local 420, Ms. Drake had requested that the meeting be held either at 7:00 A.M. or after 5:00 P.M. *Id.* On July 9, 1998, counsel for Local 420 informed Ms. Drake that a meeting had been scheduled for July 10, 1998, at eleven in the morning, however, Ms. Drake indicated that she could not attend at this time. *Id.* at 5. No other meetings were scheduled.

***3** There is no evidence that Local 420 impeded discovery of the requested information or failed to comply with the court's direction to facilitate a meeting between the union individuals and Ms. Drake. Accordingly, Ms. Drake's motion for sanctions will be denied.

B. Ms. Drake's Motion for Reconsideration

Next, Ms. Drake requests reconsideration of the court's June 29, 1998 Order dismissing her claims. A motion for reconsideration exists "to correct manifest errors of law or fact or to present newly discovered evidence (citation omitted). Where evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration." *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985), *cert. denied,* 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986); *accord Pavlik v. Lane Ltd./ Tobacco Exporters Int'l,* 135 F.3d 876, 882 n. 2 (3d Cir.1998). Therefore, a motion for reconsideration will only be granted if the moving party establishes one of three grounds: (1) there is newly available evidence; (2) an intervening change in the controlling law; or (3) there is a need to correct a clear error of law or prevent manifest injustice. *Smith v. City of Chester,* 155 F.R.D. 95, 96–97 (E.D.Pa.1994). A party may not submit evidence which was available to it prior to the court's grant of summary judgment. *Id.* at 97. In addition, a motion for reconsideration is not properly grounded on a request that a court rethink a decision it has already made. *Glendon Energy Co. v. Borough of Glendon,* 836 F.Supp. 1109, 1122 (E.D.Pa.1993).

A review of Ms. Drake's motion indicates that there is no legal or factual basis to revise the court's holding. Ms. Drake neither raises any issue overlooked by the court nor provides new case law or dispositive facts in support of her position. Instead, Ms. Drake's motion references correspondence not appended to her motion, proffers allegations of unsubstantiated perjury by members of Local 420, and raises new claims. In addition, Ms. Drake's motion raises her disagreement with the court's decision which is also an insufficient basis to merit reconsideration of the court's earlier decision. Accordingly, Ms. Drake's Motion for Reconsideration will be denied.

C. Local 420's Renewed Motion for Summary Judgment
Also before the court is Local 420's Renewed Motion for Summary Judgment which incorporates and supplements its initial motion and requests dismissal of Ms. Drake's remaining claim.

1. Standard of Review
Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Disputes over facts are material when they "may affect the outcome of the suit." *Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In addition, any issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Conversely, there is no genuine issue of material fact where a party fails to make a showing sufficient to establish the existence of an essential element of that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the movant does not have the burden of proof on the underlying claim or claims, that movant has no obligation to produce evidence negating its opponent's case, but merely has to point to the lack of any evidence supporting the nonmovant's claim. *National State Bank v. Federal Reserve Bank,* 979 F.2d 1579, 1582 (3d Cir.1992).

***4** In making its determination, the court must consider the facts and draw all reasonable inferences from them in the light most favorable to the nonmoving party. *Anderson,* 477 U.S. at 255–56. However, to survive a motion for summary judgment, the nonmoving party must adduce "more than a mere scintilla of evidence in its favor and may not merely rely on unsupported assertions, conclusory allegations, or mere suspicions." *Harley v. McCoach,* 928 F.Supp. 533, 535 (E.D.Pa.1996) (citing *Williams v. Borough of W. Chester,* 891 F.2d 458, 460 (3d Cir.1989)).

2. Local 420's Motion
Local 420 has demonstrated that there is no genuine dispute of material fact concerning Ms. Drake's allegation that Local 420 paid for private legal counsel for certain union individuals but disregarded Ms. Drake's request. In support of her claim, Ms. Drake offers her personal affidavit which does nothing more than reiterate her allegation that Local 420 offered legal representation to white, male union members but denied such representation to Ms. Drake. In particular, Ms. Drake alleges that Local 420 paid for legal representation of: (1) Mr. Cordero's wrongful termination action; (2) Mr. William Delmar's discrimination case; (3) Mr. Hill's personal injury claim; (4) Mr. O'Brien's criminal defense; (5) Mr. William Roegar's discrimination claim; (6) Mr. Rosen's criminal defense; and (7) Mr. Taggert's worker's compensation claim. Pl's Mot. For Reconsideration, at Exh. 1, Aff. of Olivia Drake. Ms. Drake's affidavit offers no substantive evidence to support her allegations. Because these allegations do not create any genuine issues of material fact, Ms. Drake's remaining claim will be dismissed.

D. Local 420's Motion for Sanctions
Finally, Local 420 claims it was deprived of its due process rights when Ms. Drake failed to produce her two experts at their scheduled depositions. Df's Mem. of Law in Support of Sanctions Against Plaintiff, at 6. Pursuant to Federal Rules of Civil Procedure 37(b)(2)(B)[1] and 37(d),[2] Local 420 requests that sanctions be levied against Ms. Drake, including reasonable attorneys' fees and costs incurred by counsel for Local 420 in obtaining an order compelling Ms. Drake's experts to appear at their depositions. Alternatively, Local 420 requests the preclusion of these experts' testimony at trial.

Originally, the depositions of Ms. Drake's experts, Dr. Alice M. Colon and Ms. Dannajeselle K. Woodson–Moore, were scheduled for June 12, 1998, at defense counsel's law firm. *Id.* at 4. The depositions were then rescheduled for June 24, 1998, by counsel for Local 420 "[d]ue to circumstances beyond the control of [Local 420's] counsel." *Id.* On June 10, 1998, letters were sent to Ms. Drake and her experts informing them of the new deposition dates and times. *Id.* at Exh. 3. On June 16, 1998, Local 420's counsel received a letter, dated June 5, 1998, from Dr. Colon stating her fee and confirming both her appearance and that of Ms. Woodson–Moore at the June 10, 1998 deposition. *Id.* at Exh. 4. On June 23, 1998, Ms. Drake telephoned counsel for Local 420, stating she had received "late notice" of the rescheduled depositions and would not be attending. *Id.* at Exh. 5. Neither of Ms. Drake's experts appeared at their rescheduled depositions on June 24, 1998.

***5** Counsel for Local 420 has not demonstrated that either of Ms. Drake's experts were served with proper notice concerning the rescheduled deposition date nor that counsel

attempted to contact either of the experts by telephone to apprise them of the new deposition date and times. Consequently, the court will deny Local 420's motion for sanctions. Local 420's alternative request, that the court preclude the testimony of these individuals, is moot since the court has dismissed Ms. Drake's remaining claim.

An appropriate order follows.

ORDER

AND NOW, this —— day of SEPTEMBER, 1998, upon consideration of Plaintiff's Motion for an Extension of Time, Motion for Reconsideration, and Motion for Sanctions and Defendant's Renewed Motion for Summary Judgment and Motion for Sanctions, it is hereby ORDERED that

(1) Plaintiff's Motion for an Extension of Time, Motion for Reconsideration, and Motion for Sanctions are DENIED.

(2) Defendant's Renewed Motion for Summary Judgment is GRANTED and judgment is entered in favor of Defendant with respect to Plaintiff's remaining claim.

(3) Defendant's Motion for Sanctions is DENIED.

**All Citations**

Not Reported in F.Supp.2d, 1998 WL 564486, 75 Empl. Prac. Dec. P 45,979, 76 Empl. Prac. Dec. P 45,979

Footnotes

1 Pursuant to Rule 37(b)(2), a district court may sanction a party who fails to obey an order to provide or permit discovery. Under Rule 37(b)(2)(B), a court may issue "[a]n order ... prohibiting that party from introducing designated matters in evidence." Fed.R.Civ.P. 37(b)(2)(B).

2 Under Rule 37(d), "[i]f a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice ...", the court "may make such orders in regard to the failure as are just" including the actions described under 37(b)(2), or may require the payment of reasonable expenses.

End of Document

© 2026 Thomson Reuters. No claim to original U.S. Government Works.