2016 WL 11970400
Only the Westlaw citation is currently available.
United States District Court, W.D. Pennsylvania.

Dwayne L. RIECO, Plaintiff,
v.
Paul AURANDT and C/O Clem, Defendants.

Civil Action No. 2:15-cv-0657
|
Signed February 1, 2016

**Attorneys and Law Firms**

Dwayne L. Rieco, Waynesburg, PA, Pro Se.

J. Eric Barchiesi, Office of Attorney General, Pittsburgh, PA, Yana L. Warshafsky, Office of General Counsel, Mechanicsburg, PA, for Defendants.

**MEMORANDUM AND ORDER**

Cynthia Reed Eddy, United States Magistrate Judge

***1** Plaintiff is, and at all times relevant to this lawsuit was, a prisoner in the State Correctional Institution at Pittsburgh ("SCI–Pittsburgh"). Plaintiff is proceeding pro se and his motion for leave to proceed in forma pauperis ("IFP") has been granted (ECF No. 18). On January 5, 2016, Defendants filed a Motion to Dismiss the Complaint for failure to state a claim pursuant to Fed.R.Civ.P 12(b)(6) and also filed a brief in support thereof. (ECF Nos. 50 and 51). Plaintiff was ordered to file an amended complaint or a response to the Motion to Dismiss on or before February 8, 2016. (ECF No. 52). On January 14, 2016, Plaintiff filed a Motion for Extension of Time due to a lack of paper. (ECF No. 53). The Court granted the extension and ordered Plaintiff to respond to the Motion to Dismiss on or before February 22, 2016, warning that no further extensions would be granted. (ECF No. 56).

On January 29, 2016, Plaintiff filed "Plaintiff's Objection and Motion for Discovery." (ECF No. 57). In addition he filed a "Declaration re Motion for Discovery Motion in the Alternative Requests the Court Grant the Viewing of Video Recordings." (ECF No. 58).

A motion to dismiss pursuant Rule 12(b)(6) challenges the legal sufficiently of the complaint. When reviewing a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burtch v. Milberg Factors, Inc.,* 62 F.3d 212, 220 (3d Cir. 2011), *cert. denied*, —— U.S. ——, 131 S. Ct. 1861 (2012) (citing *In re Ins. Brokerage Antitrust Litig.,* 618 F.3d 300, 314 (3d Cir. 2010)). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007).

> A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and therefore may be decided on its face without extensive factual development. *See* *Neitzke v. Williams*, 490 U.S. 319, 326-27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ...*Chudasame v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (A motion to dismiss based on failure to state a claim for relief should ... be resolved before discovery begins); *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (the idea that discovery should be permitted before deciding a motion to dismiss "is unsupported and defies common sense [because t]he purpose of F.R.Civ.P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery").

*Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010).

Accordingly, **IT IS ORDERED** Plaintiff's Objection and Motion for Discovery (ECF No. 57) is **DENIED,** without prejudice to be refiled should the Complaint survive the pending Motion to Dismiss (ECF No. 50). Plaintiff is again warned that his Response to the pending Motion to Dismiss (ECF No. 50) is due on or before February 22, 2016. NO FURTHER EXTENSIONS WILL BE GRANTED.

**All Citations**

Not Reported in Fed. Supp., 2016 WL 11970400

End of Document

© 2026 Thomson Reuters. No claim to original U.S. Government Works.