2025 WL 1385062
Only the Westlaw citation is currently available.
United States District Court, W.D. Pennsylvania,
Erie Division.

Brian Douglas ANTHONY, Plaintiff
v.
Todd MANGES, et al., Defendants

1:23-CV-00067
|
Signed March 5, 2025

**Attorneys and Law Firms**

Brian Douglas Anthony, Summerfield, FL, Pro Se.

Patrick M. Carey, Marshall, Dennehey, Warner, Coleman & Goggin, Erie, PA, for Defendants Todd Manges, Gary Seymour, Mark Lindsey.

REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS AND, ALTERNATIVELY, FOR SUMMARY JUDGMENT

ECF NO. 29

RICHARD A. LANZILLO, CHIEF UNITED STATES MAGISTRATE JUDGE

I. RECOMMENDATION

***1** It is respectfully recommended that Defendants' motion to dismiss Plaintiff's Amended Complaint and, alternatively, for summary judgment (ECF No. 29) be denied to the extent it is based on Defendants' exhaustion affirmative defense and granted based on the Amended Complaint's failure to comply with Rule 8 and Rule 10 of the Federal Rules of Civil Procedure. It is further recommended that this action be dismissed without prejudice and that Plaintiff be provided the opportunity to file an amended complaint that complies with Rule 8 and Rule 10.

II. REPORT

A. Relevant Procedural History

Plaintiff Brian Douglas Anthony ("Anthony"), an individual previously detained at the Erie County Prison ("ECP"), brings this action against Defendants Todd Manges, an Erie County Detective, Gary Seymour, a Deputy Warden at ECP, Mark Lindsey, an ECP Lieutenant, and yet-to-be-identified Jane/John Doe Defendants who work in ECP's mailroom. His Amended Complaint (ECF No. 21) is his operative pleading. Therein he asserts claims against Manges, Seymour, and Lindsey for false arrest and malicious prosecution. He apparently asserts a First Amendment or procedural due process claim against the Doe Defendants based on the interception of certain letters that he attempted to send from ECP. It is unclear whether he also asserts a mail-interception claim against Manges, Seymour, or Lindsay.

Defendants moved to dismiss and, alternatively, for summary judgment arguing (1) the Amended Complaint should be dismissed pursuant to Rule 8 of the Federal Rules of Civil Procedure; (2) Anthony failed to exhaust his administrative remedies under the ECP grievance process and, therefore, at least some of his claims are barred by the Prison Litigation Reform Act of 1996, 42 U.S.C. § 1997e(a); (3) ECP prison mail restrictions serve a penological interest; (4) the Court should abstain from exercising jurisdiction over Anthony's claim under the *Younger* abstention doctrine; (4) probable cause existed for Anthony's arrest and prosecution; and (4) qualified immunity bars Anthony's claims; (5) Anthony's defamation claims are barred by the statute of limitation; and (6) Anthony's demand for a specific sum of liquidated damages violates this Court's Civil Local Rule 8. *See* ECF Nos. 30, 32, 39. Defendants filed a concise statement of material facts in support of its request for summary judgment (ECF No. 32), and Anthony filed a responsive concise statement (ECF No. 51).

B. Discussion

1. Defendants' motion should be denied to the extent it is based on their exhaustion affirmative defense.

The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a) (the "PLRA"), requires a prisoner to exhaust any available administrative remedies before he may bring an action challenging the conditions of his confinement. 42 U.S.C. § 1997e(a). This exhaustion requirement applies to all claims relating to prison life which do not implicate the duration of the prisoner's sentence. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Failure to exhaust administrative remedies

 © 2026 Thomson Reuters. No claim to original U.S. Government Works. 

under the PLRA is an affirmative defense that a defendant must plead and prove. *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

***2** In support of their exhaustion defense, the Defendants asserted that although Anthony filed a grievance regarding his mail-interception claim, he failed to appeal the denial of that grievance to final review. In contrast, Anthony asserted that he submitted a grievance, but ECP personnel refused to process it. Because exhaustion of administrative remedies presents a threshold issue that the Court must determine before reaching the merits of claims, *see Brown v. Sprenkle*, 827 Fed. Appx. 229, 231 (3d Cir. 2020), and because Anthony raised possible unavailability of administrative remedies, the undersigned conducted an evidentiary hearing to resolve the factual dispute. *See Small v. Camden County*, 728 F.3d 265, 270-271 (3d Cir. 2013); *Paladino v. Newsome*, 885 F.3d 203, 210 (3d Cir. 2018). A *Small* hearing is typically used to resolve issues of fact where a defendant has produced a record to support the plaintiff's procedural default such as his failure to complete the grievance process and the plaintiff has responded that some action or omission by the defendant rendered his or her grievance remedies "unavailable." *See Small*, 728 F.3d at 271 (holding "that judges may resolve factual disputes relevant to the exhaustion issue without the participation of a jury").

During the *Small* hearing, Anthony testified that he completed and submitted the proper grievance form regarding his mail-interference claim, but an ECP counselor later told him that prison administration said his grievance "wasn't going anywhere." He further testified that prison officials did not give him his copy of the grievance or otherwise indicate that ECP had any intention of processing his grievance. At the hearing, the Defendants acknowledged that ECP personnel refused to process Anthony's grievance and that, "[i]n fact, it probably went to a shredder." Defendants attempted to justify the refusal to process the grievance on the grounds that the grievance Anthony filed was not related to the reason he identified when he requested the grievance form. But nothing in ECP's grievance policy and procedures supported ECP's refusal to accept and process Anthony's grievance. *See* ECF No. 29-4, pp. 6-8 (Inmate Handbook/Grievance Procedure). Anthony's complaint that ECP personnel interfered with his mail raised "an alleged violation of ... constitutional ... right" as well as "an alleged violation of prison policy" and, thus, presented a subject concerning which ECP's grievance policy expressly authorized Anthony to file a grievance. *See id.*, p. 6. Anthony initiated the grievance process in accordance with ECP policy. *See id.*, p. 7. This triggered ECP's obligations to accept, process, and respond to the grievance in accordance with its policy. ECP failed to do so. Instead, ECP treated Anthony's filing of the grievance as "a simple dead end." *See Ross v. Blake*, 578 U.S. 632, 643 (2016); *Rinaldi v. United States*, 904 F.3d 257, 266 (3d Cir. 2018). And in doing so, ECP made its on-the-books administrative remedies unavailable to Anthony. *Id.* Accordingly, to the extent Defendants' motion seeks summary judgment based on the defense that Anthony failed to exhaust his administrative remedies, the motion should be denied. As noted, however, Defendants' motion raises multiple alternative grounds for dismissal of the Amended Complaint. The Court need only address one such ground.

2. The Amended Complaint violates both Rule 8 and Rule 10 of the Federal Rules of Civil Procedure.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed. R. Civ. P. 8(a)(2). Rule 8(d)(1) provides that each allegation in a pleading "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Rule 8 "contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented' ..." *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 n. 3 (2007). (quoting 5 C. Wright & A. Miller, *supra*, § 1202, p. 94, 95). Dismissal on Rule 8 grounds is "usually reserved for those cases in which the complaint is so confused, ambiguous, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). To merit dismissal, the complaint must be so confusing as to "overwhelm the defendant's ability to understand or to mount a response." *Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004). Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. *Denton v. Hernandez*, 504 U.S. 319, 325 (1989).

***3** Federal Rule of Civil Procedure 10(b) provides:

> Paragraphs; Separate Statements. A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each

 © 2026 Thomson Reuters. No claim to original U.S. Government Works. 

> defense other than a denial—must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b). "When a litigant—even a pro se litigant—fails to comply with Rule 10(b), the court may dismiss the complaint." *Acon-Chen v. Buttigieg*, 2024 WL 4416943, at *2 (D.D.C. Oct. 5, 2024) (citations omitted). The District Court in *Acon-Chen* explained:

> Rule 10(b) ensures that a plaintiff breaks his or her complaint down into a series of discrete factual allegations, which the defendant must, in turn, admit or deny. When a plaintiff fails to comply with Rule 10(b), and instead combines his or her allegations in single, running narrative, the defendant is left at a loss with respect to how to answer. A general denial is permitted only when the defendant, in good faith, intends "to deny all the allegations of a pleading," Fed. R. Civ. P. 8(b)(3), a prospect that is seldom possible. And, in all other cases, the defendant must "either specifically deny designated allegations or generally deny all except those specifically admitted," *id.*, a prospect that is both daunting and riddled with potential pitfalls when the plaintiff fails to comply with Rule 10(b).

*Id.*

Anthony's Amended Complaint violates both Rule 8 and Rule 10(b). It does not represent a short and plain statement of the claim showing that Anthony is entitled to relief, and its allegations are neither simple, concise, nor direct. Although the Amended Complaint includes numbered paragraphs, none sets forth a single set of circumstances or discrete factual allegations. Some paragraphs span multiple pages. *See e.g.*, ECF No. 21, ¶¶ 25, 29. Many are argumentative rather than factual. Consequently, the Amended Complaint does not allow a response that would differentiate the facts in dispute from those that are not.

The Court can discern that Anthony's lawsuit relates to a disagreement concerning restrictions imposed upon him as part of a Pennsylvania state court sentence for violating a protection from abuse ("PFA") Order. Anthony acknowledges that on or about April 15, 2020, he was sentenced in Pennsylvania state court to a term of incarceration of six months for violating the PFA Order and that the state court also ordered that Anthony have no contact with the victim, Kelly Harper, and that he not "send mail to the victim's address: 1024 Polk Street, Apt. #2, Erie, PA 16503." ECF No. 29-2. Anthony does not dispute that he sent and attempted to send numerous letters to the 1024 Polk Street, Apt. #2 address, but he contends that none of the letters violated the Court's sentencing order because none included Kelly Harper as the addressee. While Anthony's legal conclusions and argumentative allegations appear dubious, the procedural infirmity of his pleading is that its remaining allegations do not allow the Defendants to ascertain and respond to the factual basis for his claims against each Defendant. But it appears that Anthony may be able to cure the deficiencies of his Amended Complaint by further amendment.

C. Conclusion

***4** For the foregoing reasons, it is recommended that the Court grant Defendants' motion to dismiss the Amended Complaint based on its failure to comply with Rule 8 and Rule 10 of the Federal Rules of Civil Procedure. It is further recommended that this action be dismissed without prejudice and that Anthony be given twenty days to file an amended complaint that complies with Rule 8 and Rule 10. If Anthony fails to file an amended complaint within the time allotted by the Court, it is recommended that the dismissal of this action be converted to a dismissal with prejudice.

III. NOTICE

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, the parties may seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. *See* Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may waive appellate rights. *See Brightwell v. Lehman*, 637 F.3d 187, 194 n.7 (3d Cir. 2011); *Nara v. Frank*, 488 F.3d 187 (3d Cir. 2007).

**All Citations**

Not Reported in Fed. Supp., 2025 WL 1385062

End of Document

© 2026 Thomson Reuters. No claim to original U.S. Government Works.