2025 WL 209177
Only the Westlaw citation is currently available.
United States District Court, E.D. Pennsylvania.

Tomas Thiouaski LUCIANO, a/k/a Thomas J. Kurtz, Plaintiff,
v.
The State of PENNSYLVANIA, et al., Defendants.

CIVIL ACTION NO. 24-CV-4295
|
Signed January 15, 2025

**Attorneys and Law Firms**

Tomas Thicuskf Luciano, Marcy, NY, Pro Se.

**MEMORANDUM**

PEREZ, District Judge

***1** Tomas Thiouaski Luciano filed this *pro se* civil rights case naming as Defendants the State of Pennsylvania, Donn Perry, Jessica Applegate, Kathleen Ackerman, and Meggan Whealler. Luciano also seeks leave to proceed *in forma pauperis.* For the following reasons, the Court will grant Luciano leave to proceed *in forma pauperis* and dismiss his Complaint.

## I. FACTUAL ALLEGATIONS[1]

Luciano's claims are, at best, unclear. He states in his Complaint that he is "currently serving a sentence after having been married to spouces [sic] from a monetary marriage of sentencing court 34 Main St. Shennandoah PA 17976." (Compl. (ECF No. 1) at 2.) He challenges "[t]he validity of conviction or sentence of marriage of malic [sic] of monetary marriage." (*Id.*) Although he provides various dates of purported decisions or actions he wants to challenge, his references are unclear, and he has not attached any docket sheets or decisions to his Complaint to explain his references. He merely describes some of the actions as involving "identity theft," "trust accounting Article 78," and "I.F.P. to Divorce." (*Id.* at 5, 3.) Corrected for spelling, Luciano alleges that "Plaintiff is having defrauding attacks against him. A[n] agent acting maliciously abridging rights threw trickery ... with his friends." (*Id.* at 6.) Luciano does not state what relief he seeks on his claims.[2]

## II. STANDARD OF REVIEW

The Court grants Luciano leave to proceed *in forma pauperis.* When allowing a plaintiff to proceed *in forma pauperis*, the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

***2** Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The Third Circuit explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language ... presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant

on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). In other words, "[a] complaint must contain sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages in search of the nature of the plaintiff's claim." *Prelle v. United States by Prelle*, No. 22-1453, 2022 WL 16958896, at *1 (3d Cir. Nov. 16, 2022) (*per curiam*) (internal quotations and citations omitted). Dismissals under Rule 8 are " 'reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.' " *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

## III. DISCUSSION

Luciano's Complaint does not contain a plausible claim within this Court's subject matter jurisdiction. First, Luciano fails to explain how the Commonwealth of Pennsylvania is involved in his allegations, and he otherwise does not identify any actions taken by the other persons he has named in the Complaint. *See Garrett*, 938 F.3d at 93 (explaining that the pleading must identify distinct defendants and their actions). Because the claims are unclear and the facts are underdeveloped, the Complaint fails to provide fair notice of the grounds upon which Luciano's claims against the Defendants rest, as required by Rule 8. *See Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (*per curiam*) (affirming dismissal of complaint pursuant to Rule 8 because plaintiff failed to plead adequate factual content to support a reasonable inference that defendants were liable and failed to present cognizable legal claims to which defendants could respond on the merits); *Wright v. United States*, No. 22-1164, 2023 WL 4540469 (3d Cir. July 14, 2023) (*per curiam*) (affirming the District Court's dismissal with prejudice of a *pro se* amended complaint where the amended complaint failed to assert adequate factual allegations to put the named defendants on notice of the claims against them).

More importantly, federal courts are courts of limited jurisdiction. Although Luciano's handwritten Complaint appears to be based on some kind of post-conviction relief form that he copied, he does not appear to challenge a conviction or sentence pursuant to a judgment of a federal or state court. He makes statements about marriage, divorce, and that he was defrauded by an "agent." These allegations do not invoke this Court's federal question jurisdiction, *see* 28 U.S.C. § 1331. He also does not allege that he and the Defendants are of diverse citizenship and the amount in controversy exceeds $75,000.[3] Consequently, there is no apparent basis for the Court to exercise subject matter jurisdiction over any purported claim Luciano seeks to bring against the Defendants.

***3** Accordingly, the Complaint will be dismissed without prejudice pursuant to Rule 8 and for lack of subject matter jurisdiction. The Court will permit Luciano an opportunity to file an amended complaint to explain the nature of the claims more fully and how this Court can exercise subject matter jurisdiction. His application for appointment of counsel (ECF No. 10) will be denied without prejudice.[4] An appropriate Order follows.

### All Citations

Not Reported in Fed. Supp., 2025 WL 209177

Footnotes

1 The factual allegations are taken from Luciano's Complaint. (ECF No. 1.) The Court adopts the sequential pagination assigned by the CM/ECF docketing system.

2 Because Luciano did not specify the relief he seeks, the Clerk of Court opened this case as a civil action. If Luciano seeks release from state custody in New York, then he must file a new petition for writ of *habeas corpus* under 28 U.S.C. § 2254 in the federal district that includes the county where he suffered a conviction or where he is incarcerated. *See e.g., Williams v. Terra*, No. 24-257, 2024 WL 4635391, at *2 (W.D. Pa. Oct. 31, 2024) ("Venue in habeas corpus cases filed by state prisoners challenging their convictions is proper in either the federal district in which the state conviction was obtained, or in the federal district in which the petitioner was incarcerated at the time of filing the habeas petition.").

3 28 U.S.C. § 1332(a) grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." Section 1332(a) requires " 'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same

state as any defendant.' " *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). Luciano lists various addresses in New York State, Shenandoah, Pennsylvania, Newport News, Virginia, Washington, D.C., and Philadelphia, but it is unclear how these addresses relate to the named Defendants or their residency status. He makes no monetary demand of any value.

4 In determining whether to appoint *pro bono* counsel, the Court must first consider, as a threshold matter, whether the plaintiff's claim has "some merit in fact and law." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). For the reasons explained above, Luciano's Complaint fails to meet this threshold requirement.

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.