2022 WL 4533826
Only the Westlaw citation is currently available.
United States Court of Appeals, Third Circuit.

Fiaz AFZAL, MD; Dr. Shahida Shuja, Appellants
v.
NEW JERSEY BOARD OF MEDICAL EXAMINERS; Louisiana State Board of Medical Examiners; United States Department of Health and Human Services, Office of Inspector General

No. 22-1609
|
Submitted Pursuant to Third Circuit LAR 34.1(a) September 2, 2022
|
(Opinion filed: September 28, 2022)

On Appeal from the United States District Court for the District of New Jersey (D.C. Civil Action No. 2:22-cv-01283), District Judge: Honorable Susan D. Wigenton

**Attorneys and Law Firms**

Fiaz Afzal, Canada, Pro Se.

Dr. Shahida Shuja, Houston, TX, Pro Se.

Tobey Palan, Esq., Office of Attorney General of New Jersey, Newark, NJ, for New Jersey State Board of Medical Examiners.

J. Andrew Ruymann, Esq., Office of United States Attorney, Trenton, NJ, Peter G. Vizcarrondo, Esq., Office of United States Attorney, Camden, NJ, for United States Department of Health And Human Services, Office of Inspector General.

Before: RESTREPO, RENDELL and FUENTES, Circuit Judges

OPINION[*]

PER CURIAM

***1** Fiaz Afzal and Shahida Shuja, proceeding pro se and in forma pauperis, appeal from the District Court's order dismissing their amended complaint. For the reasons that follow, we will affirm.

In March 2022, plaintiffs filed suit against the New Jersey Board of Medical Examiners, the Louisiana State Board of Medical Examiners, and the Department of Health and Human Services, alleging a failure to comply with criminal expungement orders issued by a Louisiana state court. In their initial complaint, which was not always easy to understand, plaintiffs challenged the dissemination of information about Afzal's expunged Medicaid fraud convictions. Plaintiffs also argued that Afzal's convictions had been exaggerated and that the New Jersey Board of Medical Examiners plans to issue a final disciplinary order against him, in violation of double jeopardy. The District Court sua sponte dismissed the complaint without prejudice pursuant to Federal Rule of Civil Procedure 8(a)(2), concluding that the claims lacked clear factual support or specific, cognizable legal bases and the complaint lacked a short and plain statement showing plaintiffs' entitlement to relief.[1]

Plaintiffs filed an amended complaint which contained substantially the same allegations as the initial complaint, with the addition of a new paragraph alleging that defendants' failure to comply with the expungement orders caused Afzal to be denied a controlled substance license. Plaintiffs requested that defendants be ordered to explain how they have complied with the expungement orders; that Afzal be granted a controlled substance license; that the Department of Health and Human Services be ordered to look into reinstating Afzal's New Jersey medical license; and that plaintiffs be granted relief for defendants' racial and religious persecution. The District Court sua sponte dismissed the amended complaint with prejudice pursuant to Rule 8(a)(2). It explained that the amended complaint, like its predecessor, was difficult to comprehend, lacked specific and cognizable legal bases for the allegations, and presented only conclusory, incoherent allegations and indecipherable and incomplete exhibits.

Plaintiffs now appeal and move for leave to file a motion for final default judgment due to defendants' non-participation. We have jurisdiction under 28 U.S.C. § 1291 and review the District Court's order for abuse of discretion. See Garrett v. Wexford Health, 938 F.3d 69, 81 n.14, 91 (3d Cir. 2019). We are mindful that pleadings "must be construed so as to do justice" and courts "must make reasonable allowances

to protect pro se litigants from the inadvertent forfeiture of important rights due merely to their lack of legal training." Id. at 92.

***2** Rule 8 requires a "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Whether the "short and plain statement" requirement is satisfied "is a context-dependent exercise." W. Penn Allegheny Health Sys., Inc. v. UPMC, 627 F.3d 85, 98 (3d Cir. 2010). "Fundamentally, Rule 8 requires that a complaint provide fair notice of what the claim is and the grounds upon which it rests." Garrett, 938 F.3d at 92 (cleaned up). While Rule 8 does not require "detailed factual allegations," Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008), it does require "a showing sufficient to justify moving past the pleading stage," i.e., pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Garrett, 938 F.3d at 92 (cleaned up). In determining whether a statement of the claim is "plain," we "ask whether, liberally construed, a pleading identifies discrete defendants and the actions taken by these defendants in regard to the plaintiff's claims." Id. at 93 (cleaned up). "[E]ven if it is vague, repetitious, or contains extraneous information, a pro se complaint's language will ordinarily be 'plain' if it presents cognizable legal claims to which a defendant can respond on the merits." Id. at 94.

Ultimately, after careful review of the record, we conclude that the District Court did not abuse its discretion in dismissing plaintiffs' amended complaint. After their initial complaint was dismissed for failing to indicate specific and cognizable allegations, plaintiffs were given the opportunity to submit an amended complaint. However, the amended complaint contained many of the same conclusory allegations as its predecessor and, rather than elucidating plaintiffs' allegations, only served to add new, similarly incoherent claims. Thus, plaintiffs had multiple opportunities to adequately plead their claims, particularly considering that Afzal raised similar claims in a previous suit and declined the opportunity to amend his complaint to correct some of the same flaws present here.

Plaintiffs' amended complaint did not provide fair notice of the claims or the grounds upon which they rest. Garrett, 938 F.3d at 92.[2] While plaintiffs argued, generally, that Afzal was improperly denied licensure as a result of his prior convictions, they did not provide more than a blanket assertion of entitlement to relief. For example, plaintiffs contended that defendants improperly disseminated information about Afzal's prior convictions, despite that the convictions have been expunged, but did not specify what actions defendants took related to this claim.[3] Plaintiffs also complained that Afzal's convictions were exaggerated, as he was only convicted of eighteen counts of Medicaid fraud, rather than the thirty-five counts reported on some documents. However, plaintiffs failed to show defendants' involvement in the alleged exaggeration or what harm, if any, occurred as a result. Additionally, to the extent that plaintiffs' allegations involved the New Jersey Board of Medical Examiners' future plans to issue a final disciplinary order, this amounts to nothing more than speculation that an action will take place. Similarly, while plaintiffs alleged that defendants' actions were racially or religiously motivated, they made no legal or factual showing to raise their right to relief above the speculative level. Phillips, 515 F.3d at 232.[4]

***3** In sum, despite being given multiple opportunities to do so, plaintiffs failed to plead adequate factual content to support a reasonable inference that defendants were liable and did not present cognizable legal claims to which defendants could respond on the merits. Garrett, 938 F.3d at 93–94. Accordingly, we conclude that the District Court did not abuse its discretion in dismissing the amended complaint under Rule 8(a)(2), and we will affirm. Plaintiffs' motion for leave to file a motion for final default judgment is denied.

**All Citations**

Not Reported in Fed. Rptr., 2022 WL 4533826

Footnotes

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

1 The District Court noted that Afzal filed a similar lawsuit against the New Jersey Board of Medical Examiners and the Louisiana State Board of Medical Examiners in February 2018, which was dismissed for failing to adequately explain


© 2026 Thomson Reuters. No claim to original U.S. Government Works.

what action had been taken against him and for generally failing to state a claim for relief. The District Court gave Afzal the opportunity to file an amended complaint in that case, but he declined to do so. See D.N.J. Civ. No. 2:18-cv-02224.

2 We note that, while there are two named plaintiffs in this suit, it is unclear how Shuja is involved beyond being Afzal's spouse and a citizen of the United States. Plaintiffs also failed to clearly identify discrete defendants: while three defendants are listed as parties, the complaint also appears to include claims against several other, non-defendant entities (e.g., the FBI, the Louisiana and New Jersey Attorneys General, Louisiana Medicaid, and the Federation of State Medical Boards).

3 Plaintiffs presented a report from the National Practitioner Data Bank in support of their claim that defendants continued to disseminate information about Afzal's expunged convictions, as the report showed disciplinary action taken by the Office of Inspector General and the Louisiana State Board of Medical Examiners related to the convictions. However, plaintiffs did not show how defendants were involved in the continued release of this information or that any such release was improper. Plaintiffs' allegations were inadequate to support a reasonable inference that defendants are liable for any misconduct and were too cursory to show a cognizable legal claim.

4 To the extent that plaintiffs' appellate filings contain new arguments not raised in the District Court, we decline to consider them. See In re Reliant Energy Channelview LP, 594 F.3d 200, 209 (3d Cir. 2010) ("we will not consider new claims for the first time on appeal").

End of Document

© 2026 Thomson Reuters. No claim to original U.S. Government Works.