**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FRANK TUFANO | |
| Plaintiff | Case No. 3:26-cv-00939-SAC |
| vs. | JUDGE CAMONI |
| BETTER LIFE FOODS, INC; *et al.* | ELECTRONICALLY FILED |
| Defendants | |

# DEFENDANT POWERPUCK, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(2)

LIANNE MANTIONE
Attorney I.D. No. 318149
1000 Key Tower,
127 Public Square
Cleveland, OH 44114
Telephone: (216) 479-8471
Fax: (216) 479-8500
Lianne.Mantione@SquirePB.com

GHISLAINE G. TORRES BRUNER
*Admitted PHV*
717 17th Street, Ste. 1825
Denver, CO 80202
Telephone: (303) 830-1776
Fax: (303) 894-9239
Ghislaine.Bruner@SquirePB.com

*Counsel for Defendant PowerPuck LLC*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.8(b)(2)**

I hereby certify that the foregoing Memorandum of Law in Support of Defendant PowerPuck LLC's Motion to Dismiss Plaintiff's First Amended Complaint complies with the type-volume limitation set forth in Local Rule 7.8 of the Local Rules of Court for the United States District Court for the Middle District of Pennsylvania.

The brief contains 3,600 words, excluding the parts of the brief exempted by Local Rule 7.8. The word count was generated using the word-count function of Microsoft Word.

Dated: June 24, 2026

Respectfully submitted,

/s/ *Lianne Mantione*
LIANNE MANTIONE
Attorney I.D. No. 318149
1000 Key Tower,
127 Public Square
Cleveland, OH 44114
Telephone: (216) 479-8471
Fax: (216) 479-8500
Lianne.Mantione@SquirePB.com
*Counsel for Defendant PowerPuck LLC*

## TABLE OF CONTENTS


I. PRELIMINARY STATEMENT ....................1

II. LEGAL STANDARD ....................2

- A. Plaintiff Bears the Burden of Establishing Personal Jurisdiction ....................2
- B. Specific Personal Jurisdiction Requires Purposeful Availment to Pennsylvania....................2

III. ARGUMENT....................3

- A. Plaintiff's Opposition Lacks Legal and Evidentiary Support ....................3
- B. Plaintiff's Argument Regarding PowerPuck's Sales is Speculative and Fails to Rebut PowerPuck's Jurisdictional Evidence....................3
- C. Plaintiff's Nationwide Online-Sales Assertion Is Conclusory and Does Not Establish General or Specific Personal Jurisdiction ....................5
- D. Plaintiff Cannot Create Personal Jurisdiction Over PowerPuck Through His Own Contacts with Pennsylvania ....................8
- E. Plaintiff Improperly Conflates a Personal Jurisdictional Analysis with Merits Arguments....................10
- F. Plaintiff's Convenience Argument Does Not Establish Personal Jurisdiction Over PowerPuck ....................12
- G. Plaintiff's Service Argument Does Not Address Personal Jurisdiction or Pleading Issues under Rule 12(b)(2) and Rule (8)....................14
- H. Plaintiff Misstates its Motion to Dismiss Burden by Arguing That PowerPuck Must Prove Its Defenses at Trial....................14
- I. The FAC Should Be Dismissed Under Rule 8....................15

IV. CONCLUSION....................16

# TABLE OF AUTHORITIES

## Cases

*Asahi Metal Indus. Co. v. Superior Ct.*,
480 U.S. 102 (1987)....7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....3, 6

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)....3, 16

*Bensusan Restaurant Corp. v. King*,
937 F.Supp. 295 (S.D.N.Y.1996)....6

*BNSF Ry. Co. v. Tyrell*,
581 U.S. 402 (2017)....5

*Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty*,
582 U.S. 235 (2017)....5, 7, 9, 11

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985)....5, 9, 12

*Calder v. Jones*,
465 U.S. 783 (1984)....11

*Daimler AG v. Bauman*,
571 U.S. 117 (2014)....5

*Dayhoff Inc. v. HJ Heinz Co.*,
86 F.3d 1287 (3rd Cir. 1996)....4

*Fowler v. UPMC Shadyside*,
578 F.3d 203 (3d Cir. 2009)....6

*Fulano v. Fanjul Corp.*,
2020 WL 3886029 Pa. Super. Ct. (2020)....5, 7, 11

*Gen. Elec. Co. v. Deutz AG*,
270 F.3d at 150....15



1107936929\20\AMERICAS

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
564 U.S. 915 (2011)........................................................................ 7, 9, 11

*Helicopertos Nacionales de Colombia v. Hall*,
466 U.S. 408 (1984).......................................................................... 10, 13

*IMO Industries, Inc. v. Kiekert AG*,
155 F.3d 254 (3d Cir. 1998) ..........................................................................11

*Int'l Shoe Co. v. Washington*,
326 U.S. 310 (1945)..........................................................................2, 12

*Keeton v. Hustler Magazine, Inc.*,
465 U.S. 770 (1984)..........................................................................................9

*Marten v. Godwin*,
499 F.3d 290 (3D Cir. 2007)..........................................................................7

*Metcalfe v. Renaissance Marine, Inc.*
566 F. 3d 324 (3d Cir. 2009) ........................................................................2, 4

*O'Connor v. Sandy Lane Hotel Co.*,
496 F.3d 312 (3d Cir. 2007) ..........................................................................2

*PrimePay, LLC v. Prime Trust, LLC*,
559 F. Supp. 3d 394 (2021) .......................................................................6, 7

*Walden v. Fiore*,
571 U.S. 277 (2014)........................................................................ 8, 9, 10

*World–Wide Volkswagen Corp. v. Woodson*,
444 U.S. 286 (1980)..........................................................................5, 13

*Zippo Mfg. Co. v. Zippo Dot Com*,
952 F. Supp. 1119 (W.D.Pa. 1997)...........................................................6

**Other Authorities**

28 U.S.C. § 1446..........................................................................................14

## I. PRELIMINARY STATEMENT

Defendant PowerPuck, LLC ("**PowerPuck**") submits this Reply to Plaintiff's Brief in Opposition ("**Opposition**") to PowerPuck, LLC's Motion to Dismiss Plaintiff's First Amended Complaint ("**FAC**"), pursuant to Fed. R. Civ. P. 12 (b)(2). Plaintiff's Opposition fails to present a legally cognizable basis for this Court to exercise either general or specific personal jurisdiction in Pennsylvania over PowerPuck and therefore, this Court lacks personal jurisdiction. Instead of citing legal standards or providing evidentiary support for his positions, Plaintiff relies on speculative assertions, unproven merits-based allegations, and legally insufficient jurisdictional theories.

Without waiving its jurisdictional objection or future Rule 12 arguments, PowerPuck reiterates its Motion to Dismiss argument that the FAC must be dismissed because it fails to satisfy the pleading standards of Rule 8. Plaintiff's Opposition fails to establish that this Court has personal jurisdiction over PowerPuck and instead only contains vague, conclusory, and undifferentiated allegations that improperly lump PowerPuck together with other defendants, admits that PowerPuck has no ties to Pennsylvania (only Colorado), and fails to allege facts sufficient to state a plausible claim for relief. Therefore, PowerPuck respectfully submits this Reply Brief and requests the Court grant its Motion to Dismiss with prejudice pursuant to Fed. R. Civ. P. 12 (b)(2) and Rule 8.

## II. LEGAL STANDARD

### A. Plaintiff Bears the Burden of Establishing Personal Jurisdiction

When a defendant raises a personal jurisdictional defense, the burden of proof shifts and the plaintiff bears the burden of proving facts sufficient to establish jurisdiction through affidavits or other competent evidence that jurisdiction is proper. *Metcalfe v. Renaissance Marine, Inc.* 566 F. 3d 324, 330 (3d Cir. 2009). Plaintiff must demonstrate minimum contacts with Pennsylvania such that exercising jurisdiction does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Plaintiff cannot meet this burden through mere allegations without any supporting facts.

### B. Specific Personal Jurisdiction Requires Purposeful Availment to Pennsylvania

For specific personal jurisdiction to exist, the courts require that: (1) Defendant purposefully directed activities to Pennsylvania, (2) the litigation arises out of those Pennsylvania-directed activities, and (3) exercising jurisdiction comports with fair play and substantial justice. *O'Connor v. Sandy Lane Hotel Co., Ltd.* 496 F.3d 312, 317 (3d Cir. 2007).

## III. ARGUMENT

### A. Plaintiff's Opposition Lacks Legal and Evidentiary Support

In his Opposition, Plaintiff makes several claims concerning Defendant's alleged contacts with Pennsylvania ranging from conclusory to speculative. Universally, they lack either evidentiary or legal support. Critically, they cite no case law, statutes, or legal standards to support finding personal jurisdiction to exist in Pennsylvania. The Iqbal/Twombly standard requires more than mere conclusory statements (*Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)) and the Court should not be persuaded by narrative assertions standing in for legal arguments.

### B. Plaintiff's Argument Regarding PowerPuck's Sales is Speculative and Fails to Rebut PowerPuck's Jurisdictional Evidence

Plaintiff's use of the word "likely" is an admission of speculation. Plaintiff claims that PowerPuck "has *likely* made income from individuals in the state of Pennsylvania." Opposition at ¶ 5 (emphasis added). Consequently, claims that PowerPuck "has collected sales tax in the state of Pennsylvania, and therefore directly conducted business in the state of Pennsylvania" must also be speculative. *Id.* Plaintiff provides no evidence of sales records, transactions, or screenshots of Pennsylvania residents purchasing PowerPuck goods, or affidavits of Pennsylvania residents in supporting Plaintiff's jurisdictional arguments. Conversely,

PowerPuck's owner has proffered evidence via the Affidavit of Matt Owens [Dkt. 26-1] testifying under oath of the following:

- PowerPuck is a Colorado limited liability company;
- PowerPuck's principal place of business is in Colorado;
- PowerPuck has no customers in Pennsylvania;
- PowerPuck has no directed sales or marketing to Pennsylvania;
- PowerPuck has not advertised directly to Pennsylvania residents;
- PowerPuck has no offices, property, accounts, employees or business operations in Pennsylvania; and
- PowerPuck has not agreed to Pennsylvania jurisdiction.

Plaintiff offers no factual basis to dispute those sworn statements. *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (2009) (quoting *Dayhoff Inc. v. HJ Heinz Co.*, 86 F.3d 1287, 1302 (3d. Cir. 1996) ("Plaintiff must prove by affidavits or other competent evidence that jurisdiction is proper.")).

Similarly, Plaintiff asserts that "Powerpuck [*sic*] chose to steal [Plaintiff's] recipe and replicate [Plaintiff's] product" (Opposition at ¶ 1) but also admits that "it is to be determined at trial whether Powerpuck [sic] is copying Frank Tufano or one of the other plagiarists." (Opposition at ¶ 4) Therefore, by Plaintiff's own admission, it remains speculative *who* PowerPuck allegedly "copied" from or whether PowerPuck had knowledge of alleged ownership of the property. The Due Process Clause prohibits personal jurisdiction being determined on the basis of speculation.

Under the Due Process Clause, a court may not exercise personal jurisdiction over a non-resident defendant unless the defendant has sufficient minimum contacts with the forum state. *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-2 (1980). A defendant establishes such minimum contacts by purposefully directing activities toward the forum state, thereby receiving "fair warning" that it may be haled or subject to court in that forum. *See Burger King*, 471 U.S. 462, 472 (1985). Plaintiff's speculation concerning PowerPuck's contacts with Pennsylvania are insufficient to determine whether minimum contacts exist.

Standing alone, substantial business operations in a forum are not enough to establish general personal jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 132 (2014); *BNSF Ry. Co. v. Tyrell*, 581 U.S. 402, 412-413 (2017); *Fulano v. Fanjul Corp.*, 2020 WL 3886029, *6, at *6 -*8 (Pa. Super. Ct. July 10, 2020).

Specific personal jurisdiction requires that Plaintiff's claims arise out of or relate to PowerPuck's purposeful Pennsylvania-directed conduct. *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty*, 582 U.S. 235, 263 (2017)*; Burger King*, 471 U.S. at 472. Plaintiff's "likely" income and tax allegations are speculative and do not satisfy either standard.

### C. Plaintiff's Nationwide Online-Sales Assertion Is Conclusory and Does Not Establish General or Specific Personal Jurisdiction

Plaintiff asserts that PowerPuck, as an online retailer, advertises and sells its products throughout the United States, including Pennsylvania, and is therefore

subject to jurisdiction in Pennsylvania. Plaintiff's allegations fail to support personal jurisdiction—general or specific. Plaintiff's claims that PowerPuck committed a "civil/criminal action against [Plaintiff]," that PowerPuck "chose[] to advertise and do business in [Pennsylvania]," and that PowerPuck "purposefully recreated [Plaintiff's] product to advertise and sell it as their own" lack evidentiary backing and legal authority. Opposition at ¶¶ 4, 5, 11. Lacking any evidence, Plaintiff's claims are conclusory and insufficient under Rule 12(b)(2) and Rule 8. Conclusory statements and "threadbare recitals of the elements of a cause of action" are insufficient to survive dismissal. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Ashcroft*, 556 U.S. 662 (2009)).

The United States Supreme Court has expressly rejected the theory that online retailers are subject to jurisdiction merely because they are online. *See Zippo Mfg. Co. v. Zippo Dot Com*, 952 F. Supp. 1119, 1124 (W.D.Pa. 1997) ("A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise [of] personal jurisdiction."); *see also Bensusan Restaurant Corp. v. King*, 937 F.Supp. 295 (S.D.N.Y.1996).

General personal jurisdiction exists only where a party's affiliations with the forum are so continuous and systematic as to render it "essentially at home" there. *PrimePay, LLC v. Prime Trust, LLC*, 559 F. Supp. 3d 394 (2021). For an LLC, the analysis looks to its principal place of business, the state under whose laws it is

organized, and whether its operations are sufficiently "systematic and continuous" to support general personal jurisdiction. *Id.*

Plaintiff alleges no facts making PowerPuck essentially at home in Pennsylvania. Even if PowerPuck has conducted business in Pennsylvania, that alone would not establish general personal jurisdiction as PowerPuck is a Colorado LLC with its principal place of business in Colorado.

Similarly, specific personal jurisdiction exists where a party has sufficient minimum contacts with the forum such that the party had fair warning of being subject to legal process or suit in the forum. *Marten v. Godwin*, 499 F.3d 290, 296 (3D Cir. 2007). This requires a meaningful "affiliation between the forum and the underlying controversy." *Bristol-Myers Squibb Co.*, 582 U.S. 235, 263 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011); *accord Fulano*, 2020 WL 3886029 at *6 ). Mere placement of a product into the stream of commerce, without evidence of more contacts with the forum state, is insufficient. *Asahi Metal Indus. Co. v. Superior Ct.*, 480 U.S. 102, 112 (1987).

For specific personal jurisdiction to exist in Pennsylvania, PowerPuck must have purposefully availed itself of the opportunity of doing business in Pennsylvania by engaging in commerce with Pennsylvania residents. *Zippo*, 952 F. Supp. at 1125-6. Plaintiff cites no evidence for his assertion that PowerPuck has engaged in business in Pennsylvania or with Pennsylvania residents. Additionally, the FAC and

the Opposition are contradicted by Matt Owens' Affidavit, which states under oath that PowerPuck has not directed sales or marketing toward Pennsylvania, has not advertised directly to Pennsylvania residents, and has no known Pennsylvania customers.

Plaintiff has not alleged facts showing that PowerPuck purposefully directed the product at Pennsylvania residents or commerce or that Plaintiff's alleged injuries arose from such Pennsylvania-directed conduct. Failing to show PowerPuck is either at home in Pennsylvania, or that it has established minimum contacts by purposefully availing itself of the opportunity to do business there, Plaintiff has not established that forum has general or specific personal jurisdiction over PowerPuck.

### D. Plaintiff Cannot Create Personal Jurisdiction Over PowerPuck Through His Own Contacts with Pennsylvania

The central defect in Plaintiff's Opposition is that it focuses almost entirely on Plaintiff's *own* contacts with Pennsylvania rather than *PowerPuck's* contacts with Pennsylvania. The U.S. Supreme Court has expressly rejected this theory.

In *Walden v. Fiore*, the Court held that "the plaintiff cannot be the only link between the defendant and the forum." 571 U.S. 277, 285 (2014). The proper inquiry is whether the defendant itself created contacts with the forum state. *Id.* at 284–86. Plaintiff argues that Pennsylvania has personal jurisdiction over PowerPuck because of Plaintiff's own connections to Pennsylvania, such as Plaintiff's residence, business activities, and development of Plaintiff's product within Pennsylvania.

None of those facts establish contacts with Pennsylvania created by PowerPuck and are irrelevant to establishing personal jurisdiction over PowerPuck. As has been discussed, *supra*, the question is not whether or how many connections Plaintiff or his business have to a particular forum. For personal jurisdiction to be established over PowerPuck, it must be shown that PowerPuck has constitutionally sufficient contacts with Pennsylvania to satisfy the Due Process Clause. Where the defendant directed its conduct is a determinative factor to establishing personal jurisdiction. *Burger King Corp.*, 471 U.S. at 462.

The specific personal jurisdiction analysis focuses on the relationship among the defendant, the forum, and the litigation. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984). There must be a meaningful affiliation between the forum and the underlying controversy, principally an activity or occurrence that takes place in the forum state and is subject to that state's regulation. *Bristol-Myers*, 582 U.S. at 262; *Goodyear*, 564 U.S. at 919. Due process requires that PowerPuck be haled into court based on its own affiliation with Pennsylvania, not on random, fortuitous, or attenuated contacts created by others. *Walden*, 571 U.S. at 286; *Burger King*, 471 U.S. at 475.

That Plaintiff is a Pennsylvania resident, that his business is in Pennsylvania, and that Plaintiff's discovery of the alleged theft was while online in Pennsylvania does not establish that PowerPuck purposefully directed conduct toward

Pennsylvania and therefore is not a cognizable basis to establish personal judication. *Walden*, 57 U.S. at 284. Only where the defendant itself directed its conduct is a determinative factor to establish jurisdiction. *Id.* Since Plaintiff failed to establish that PowerPuck directed any conduct to Pennsylvania, the FAC must be dismissed for lack of personal jurisdiction.

### E. Plaintiff Improperly Conflates a Personal Jurisdictional Analysis with Merits Arguments

Plaintiff asserts in his Opposition that because PowerPuck allegedly "stole" his recipe, jurisdiction is therefore proper in Pennsylvania. But jurisdiction must be established by assessing a defendant's connection with the forum, not on the merits of the case. *Helicopertos Nacionales de Colombia v. Hall,* 466 U.S. 408, 417 (1984). Plaintiff also argues that this is not a matter of PowerPuck's business or activities, but a matter of a product allegedly stolen from a Pennsylvania resident, and that because this is an "online event," personal jurisdiction is acceptable in Pennsylvania. That argument misinterprets specific personal jurisdiction. The jurisdictional inquiry necessarily focuses on PowerPuck's own contacts with Pennsylvania and the relationship between those contacts and the litigation.

Plaintiff repeatedly characterizes this dispute as involving the alleged "theft" of intellectual property and appears to rely on an intentional-tort theory. Even assuming Plaintiff alleges an intentional tort, personal jurisdiction still does not exist.

Under *Calder v. Jones*, 465 U.S. 783 (1984), as interpreted by the Third Circuit in *IMO Industries, Inc. v. Kiekert AG*, 155 F.3d 254 (3d Cir. 1998), Plaintiff must show that Defendant expressly aimed its business at Pennsylvania itself. Plaintiff does not do so. At most, Plaintiff alleges conduct that allegedly injured a Pennsylvania resident. Under *Walden* and *IMO Industries*, injury to a forum resident alone is insufficient. Because Plaintiff identifies no conduct expressly aimed at Pennsylvania, the Calder effects test cannot support jurisdiction.

Rather specific personal jurisdiction requires a direct connection between the forum and the underlying controversy. *Goodyear*, 564 U.S. at 919; *Fulano*, 2020 WL 3886029, at *6. The suit must arise out of or relate to the defendant's contacts with the forum. *Bristol-Myers*, 582 U.S. at 262. Plaintiff's assertion that the alleged conduct occurred online does not eliminate the requirement that PowerPuck purposefully directed activity toward Pennsylvania.

The only question currently before the Court is whether personal jurisdiction over PowerPuck exists in Pennsylvania. PowerPuck has reserved its merits arguments and has asserted only a Motion to Dismiss based on Rule 12 (b)(2). What PowerPuck is alleged to have done, or where it is alleged to have done it, is irrelevant, as the jurisdictional analysis is based on a defendant's actual minimum contacts, not on a plaintiff's claims.

### F. Plaintiff's Convenience Argument Does Not Establish Personal Jurisdiction Over PowerPuck

Plaintiff also argues that "it is not reasonable to expect Frank Tufano to prosecute every individual in their respective state," and because other defendants are located in varied places, Pennsylvania is the only reasonable forum. Opposition at ¶ 7. Personal jurisdiction is defendant-specific. The contacts of other defendants do not establish personal jurisdiction over PowerPuck. Plaintiff must show Pennsylvania contacts by PowerPuck itself, and he has not done so. Plaintiff, having chosen to sue a large and diverse set of parties for the alleged "theft" of his product, now argues that "it is not reasonable to expect Frank Tufano [(the Plaintiff)] to prosecute every single individual who stole his product in their own respective State." Opposition at ¶ 7. Personal jurisdiction is not determined by Plaintiff's convenience, the number of defendants, or the difficulty of litigating in multiple forums. Plaintiff's convenience is not a constitutional basis for personal jurisdiction.

Due process requires personal jurisdiction to be determined by a defendant's connections to a forum. For there to be personal jurisdiction, a defendant must have minimum contacts such that maintaining the suit does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. at 316. This threshold is reached when a defendant has purposefully directed activities toward the forum such that it had fair warning it could be haled into court there. *Burger King*, 471 U.S. 462 at 472; *World-wide Volkswagen Corp.*, 444 U.S. at 291-

92 (Due Process protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has not established meaningful contacts). The unilateral activity of another party or third person is not enough to create jurisdiction over a defendant. *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 417. Here, Plaintiff's own unilateral activities—his residence, business location, and alleged sale of his product in Pennsylvania—do not establish personal jurisdiction over PowerPuck. Plaintiff's hardship in litigating against multiple, diverse defendants cannot override PowerPuck's Due Process protections.

The FAC's only jurisdictional allegation concerning PowerPuck is that "PowerPuck LLC is registered at 39 Viking Dr., Englewood, CO 80113." That allegation places PowerPuck in Colorado, not Pennsylvania. Because Plaintiff identifies no Pennsylvania-based conduct by PowerPuck giving rise to the claims, the Opposition does not demonstrate grounds for personal jurisdiction.

Due process requires minimum contacts between the defendant and the forum (*World-Wide Volkswagen*, 444 U.S. at 291-92) and Plaintiff must establish either that PowerPuck is essentially at home in Pennsylvania or that this suit arises out of or relates to PowerPuck's purposeful Pennsylvania-directed contacts.

Plaintiff has done neither. PowerPuck is not organized in Pennsylvania, does not have its principal place of business in Pennsylvania, and is not otherwise essentially at home there. Plaintiff also alleges no facts showing that his claims arise

from PowerPuck's own conduct in Pennsylvania. Convenience therefore cannot supply the missing jurisdictional basis.

### G. Plaintiff's Service Argument Does Not Address Personal Jurisdiction or Pleading Issues under Rule 12(b)(2) and Rule (8)

Plaintiff argues that PowerPuck "denies being served the complaint" but is "aware of the timeline of all [Plaintiff's] service attempts." That point does not answer PowerPuck's Rule 12(b)(2) argument.

PowerPuck is only aware that Plaintiff filed the FAC because it received a copy of the FAC as part of a Defendant Meta Platforms, Inc.'s ("**Meta**") filing on April 13, 2026, of a Notice of Removal [Dkt. 001] pursuant to 28 U.S.C. § 1446 removing the State Court Action to the United States District Court for the Middle District of Pennsylvania, Case No. 3:26-cv-00939-SAC. At the time PowerPuck received the FAC as part of Meta's Notice of Removal, PowerPuck had still not been served the FAC.

### H. Plaintiff Misstates its Motion to Dismiss Burden by Arguing That PowerPuck Must Prove Its Defenses at Trial

Plaintiff argues that PowerPuck must prove that it discovered Plaintiff's product through other or organic means, that it does not conduct sales in Pennsylvania, and that both these issues should be handled at trial. That argument reverses the burden on a Rule 12(b)(2) motion. Once personal jurisdiction is

challenged, Plaintiff bears the burden of establishing that jurisdiction exists. *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d. Cir. 2001).

Rule 12(b)(2) exists precisely to determine whether the Court may exercise personal jurisdiction over the Defendant before the case proceeds. Plaintiff cannot avoid that threshold inquiry by asserting that speculative jurisdictional matters should be deferred until trial. The FAC and Opposition must identify facts showing that PowerPuck is subject to jurisdiction in Pennsylvania. They do not.

Nor is PowerPuck required to disprove Plaintiff's speculative theory of copying to defeat personal jurisdiction. The personal jurisdiction question is not whether PowerPuck independently developed its product. The question is whether PowerPuck has sufficient Pennsylvania contacts and whether Plaintiff's claims arise out of or relate to those contacts. Plaintiff has failed to make that showing.

## I. The FAC Should Be Dismissed Under Rule 8

Plaintiff's Opposition does not cure the FAC's Rule 8 defects. The FAC does not provide a short and plain statement of the grounds for personal jurisdiction over PowerPuck. The only jurisdictional allegation concerning PowerPuck identifies PowerPuck's Colorado address. That allegation does not explain how this Court may exercise jurisdiction over PowerPuck in Pennsylvania.

The FAC also does not provide fair notice of a plausible claim against PowerPuck. The FAC alleges that Plaintiff became aware of a product made by

PowerFit Foods, a company allegedly owned by PowerPuck, and asserts that the product used Plaintiff's formulation of whey protein, beef tallow, and honey to create products replicating his recipe. But the FAC does not allege how PowerPuck allegedly obtained Plaintiff's recipe, where any relevant conduct occurred, when any relevant conduct occurred, how any conduct was directed toward Pennsylvania, or how the alleged conduct gives rise to jurisdiction in this Court.

Rule 8 requires more than conclusory allegations and labels. *Twombly*, 550 U.S. at 555. Plaintiff's Opposition adds speculation, including that PowerPuck "likely" made Pennsylvania sales, "likely" collected Pennsylvania taxes, and "whether directly or through a third party" became aware of Plaintiff's product from Pennsylvania. That speculation confirms that Plaintiff has not pleaded concrete facts sufficient to establish jurisdiction or a plausible claim against PowerPuck.

## IV. CONCLUSION

Plaintiff has failed to rebut Defendant's sworn jurisdictional evidence, failed to identify any Pennsylvania-directed conduct by PowerPuck, failed to establish general personal jurisdiction, failed to establish Specific personal jurisdiction. The only connection between PowerPuck and Pennsylvania identified in the Opposition is Plaintiff himself. Supreme Court precedent squarely forecloses jurisdiction on that basis. Plaintiff's Opposition fails to meet his burden to establish personal jurisdiction over PowerPuck. PowerPuck is a Colorado company with its principal

place of business in Colorado and Plaintiff has not alleged facts showing that PowerPuck is essentially at home in Pennsylvania. Plaintiff also has not alleged facts showing that his claims arise out of or relate to PowerPuck's purposeful Pennsylvania-directed conduct. Plaintiff's Opposition likewise fails to cure the FAC's Rule 8 defects. The FAC remains vague, conclusory, and undifferentiated as to PowerPuck.

**WHEREFORE**, Defendant PowerPuck LLC respectfully requests that the Court grant its Motion to Dismiss pursuant to Rule 12(b)(2) and dismiss all claims with prejudice against PowerPuck LLC without leave to amend for lack of personal jurisdiction and award any other relief the Court deems just and proper.

Dated: June 24, 2026

Respectfully Submitted,

SQUIRE PATTON BOGGS (US) LLP

By: /s/ *Lianne Mantione*
LIANNE MANTIONE
Attorney I.D. No. 318149
1000 Key Tower, 127 Public Square
Cleveland, OH 44114
Telephone: (216) 479-8471
Fax: (216) 479-8500
Lianne.Mantione@SquirePB.com

GHISLAINE G. TORRES BRUNER
*Admitted PHV*
717 17th Street, Ste. 1825
Denver, CO 80202
Telephone: (303) 830-1776
Fax: (303) 894-9239
Ghislaine.Bruner@SquirePB.com

# CERTIFICATE OF SERVICE

I, Lianne Mantione, hereby certify that on the 24th day of June, 2026, I caused to be served a true and correct copy of the foregoing **DEFENDANT POWERPUCK, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(2)** by ECF to all registered counsel of record and to all other parties via the method noted below each:

Frank Tufano
25 Dundaff Street
Carbondale, PA 18407
***Via USPS***

Jake Levy, Norman Levy,
Robyn Levy
Better Life Foods, Inc.
15721 Railroad Street, Unit J
City of Industry, CA 91748
***Via USPS***

Eat Prima
(Prima Protein Brands LLC)
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801
***Via USPS***

Fresh Thyme Market
*Rosenn Jenkins & Greenwald*
Thomas Campenni, Robert Schaub
***Via ECF***

Amazon.com, Inc.
*Reed Smith, LLP*
Wayne C. Stansfield
***Via ECF***

Sprouts Farmers Market, Inc.
5455 E. High St., Ste. 111
Phoenix, AZ 85054
***Via USPS***

Santa Cruz Paleo, Inc.
Brendan Ruh
1945 Zapo St.
Del Mar, CA 92014
***Via USPS***

Bytedance Inc.
1199 Coleman Ave.
San Jose, CA 94110
***Via USPS***

TikTok, Inc.
*Myers, Brier & Kelly, LLP*
Richard Armezzani, Daniel Brier
***Via ECF***

Rello Corporation
1301 N. Broadway, Ste. 32337
Los Angeles, CA 90012
***Via USPS***

Paul Saladino
Lineage Provisions LLC
1164 NW Pittman Pl.
Bend, OR 97703
***Via USPS***

s/ *Lianne Mantione*
Lianne Mantione (Atty ID 318149)